# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

KEVONGH J. GRANT,

                Plaintiff,

v.

APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC. and WITT O'BRIEN, LLC,

                Defendants.
_____

1:19-cv-00025

TO:   Lee J. Rohn, Esq.
        Sofia L. Mitchell, Esq.
        Adam G. Christian, Esq.
        Alex M. Moskowitz, Esq.
        Lisa Michelle Komives, Esq.

## ORDER GRANTING DEFENDANT WITT O'BRIEN'S, LLC'S, MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

THIS MATTER is before the Court upon Defendant Witt O'Brien's, LLC's, Motion to Disqualify Plaintiff's Counsel (ECF Nos. 13, 14), Defendant APTIM Environmental and Infrastructure, Inc.'s, Joinder in Witt O'Brien's ("WOB") Motion to Disqualify Plaintiff's Counsel (ECF No. 17)[1], Plaintiff Kevongh J. Grant's Response (ECF No. 19), and WOB's Reply (ECF No. 20).

---

[1] APTIM seeks to join the WOB's motion to disqualify Rohn and Lee J. Rohn and Associates, LLC, and to adopt all legal arguments and factual allegations set forth in the Motion (*see* ECF Nos. 13, 14).

Grant v. Aptim Environmental and Infrastructure, Inc., et al.
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 2

## I. BACKGROUND

First, WOB argues that Attorney Lee J. Rohn must be disqualified as Grant's counsel under ABA Model Rules of Professional Conduct 1.7 because she also represents Nathan McCann and Andrew McCann, the alleged tortfeasors in this case, in a superior court matter (ECF No. 14 at 3-8). Second, WOB asserts that Lee J. Rohn and Associates, LLC, must be disqualified under MRPC 1.10 because Rohn's conflict of interest is imputed to the entire firm. *Id.* at 8-10.

First, Grant responds that the large number of plaintiffs in a pending superior court case, *James Blankenberg, et al. v. Campbell Development, LLC, et al.*, Superior Court Case No. SX-2019-CV-00156, created a situation in which the firm inadvertently did not identify a conflict with its representation of Nathan McCann and Andrew McCann, the alleged tortfeasors in this case (ECF No. 19 at 1). Second, Grant asserts that since Rohn will no longer represent Nathan McCann and Andrew McCann, "the basis for seeking to disqualify Counsel from this case no longer exists and this Court should deny the motion to disqualify." *Id.* at 2. Grant attaches a letter sent from Rohn to Nathan McCann and Andrew McCann, stating:

> This letter is to advise you that Lee J. Rohn and Associates must withdraw from representing you due to a conflict of interest raised by a Defendant in your case that was unfortunately not discovered during your intake….You need to find an attorney to represent you once the Motion to Withdraw has been granted…[and your could] appear pro se and tag along with the actions I am taking for the rest of the Plaintiffs in the case.

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 3

(ECF No. 19-4 at 1).[2] Third, Grant also asserts that since there are no other attorneys to take on this case, the Motion should be denied (ECF No. 19 at 3).

First, WOB replies that Rohn has not received leave of court from the superior court to withdraw from representing Nathan McCann and Andrew McCann, so the concurrent conflict of interest under the MRPC continues to exist (ECF No. 20 at 1-2). Second, WOB asserts that even if Rohn and her firm receive leave of court to withdraw from representing Nathan McCann and Andrew McCann, a conflict would still exist under MRPC 1.9. *Id*. at 2. Third, WOB argues that Grant has not raised that the issues in this case and in the superior court matter are substantially related, so this issue has been waived. *Id*. Fourth, WOB continues that the interests of Grant, Nathan McCann, and Andrew McCann are materially adverse, and Grant appears to concede this point. *Id*. Fifth, WOB argues that "there is no evidence that [Nathan McCann and Andrew McCann] consented to" Rohn and her firm representing Grant in this case. *Id*. Sixth, WOB cites to similar circumstances—and even some less egregious examples—in which Rohn and her firm have been disqualified. *Id*. at 3-4. Seventh, WOB asserts that finding substitute counsel for Nathan McCann and Andrew McCann does not serve as a basis for Rohn and her firm to continue representing Grant in this case. *Id*. at 5.

---

[2] Grant adds that Rohn has "attempt[ed] to contact the McCanns' to inform them of the conflict raised by [WOB] and inform them that she must withdraw from representation" (ECF No. 19 at 2).

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 4

## II. DISCUSSION

### A. APPLICABLE LEGAL PRINCIPLES

This Court's "power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorney's appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). This authority is "committed to the sound discretion" of the Court. *Id.* at 1201. Nevertheless, "an issue of whether an ABA disciplinary rule prohibits certain conduct… 'leave[s] little leeway for the exercise of discretion.'" *Id.* (citing *American Roller Co. v. Budinger*, 513 F.2d 982, 985 n.3 (3d Cir. 1975)). "[O]nce the Court determines that the parties are on opposing sides, there is no exception to [MRPC] 1.7(a) where the lawyer's representation involves the assertion of a claim by one client against another client in the same litigation." *United States v. Bellille*, 962 F.3d 731, 739 (3d Cir. 2020) (citing *Nunez v. Lovell*, 50 V.I. 707, 715 (D.V.I. 2008)) (cleaned up).

This Court looks to the ABA Model Rules of Professional Conduct for guidance on motions to disqualify. *See Bellille*, 962 F.3d at 738 (citing LRCi 83.2 (a)(1)). MRPC 1.7 applies when "attorneys at the same firm have ethical obligations to different clients whose interests may conflict." *Id*. MRPC 1.7 states "that a concurrent conflict of interest exists, so as to preclude representation as a general rule, [when] '(1) the representation of one client will be directly adverse to another client' or '(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 5

of the lawyer.'" *Id.* (citing Model Rules of Prof'l conduct r. 1.7(a)). Nevertheless, "a concurrent conflict of interest will not preclude representation [when] four requirements are met:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing."

*Id.* at 739 (citing Model Rules of Prof'l Conduct r. 1.7(b)). When any of these four requirements are not met, "the conflicted counsel must withdraw or be disqualified." *Id.* The Comments to Model Rule 1.7 further explain that MRPC 1.7(b)(1)-(3) constitute "prohibited representations"; in other words, "some conflicts are nonconsentable, meaning that a lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." *Id.* (citing Model Rules of Prof'l Conduct r. 1.7 cmt. 14) (cleaned up). For example, "when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal,"[3] this occurrence constitutes a prohibited representation and a nonconsentable conflict. *See Id.* Also, "a screening mechanism cannot cure a prohibited representation under [MRPC] 1.7." *Id.* at 740.

---

[3] The Comments to MRPC 1.7 state a noteworthy example of a concurrent conflict of interest: "when, as a result of undertaking a representation, the lawyer may be required to cross-examine his own client in another matter, [and, as a result,] 'a directly adverse conflict may arise when a lawyer is required to cross-examine a client who appears as a witness in a lawsuit involving another client.'" *Id.* at 738 n.5 (citing Model Rules of Prof'l Conduct r. 1.7 cmt. 6).

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 6

MRPC 1.10 "requires imputing a conflict of interest from one attorney to other attorneys while they are associated in a firm." *Id*. at 739 (citing Model Rules of Prof'l Conduct r. 1.10(a)) (cleaned up). If attorneys are associated in a firm, "then the conflict of one becomes the conflict of the other," and this Court "must assess whether that presents a prohibited conflict under [MRPC] 1.7." *Id*. Under Comment 1 to MRPC 1.10, "the term firm denotes lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law, and clarifies that whether two or more lawyers constitute a firm within this definition can depend upon the specific facts." *Id*. (cleaned up).

**B. UNDER MRPC 1.7(a)(1), THE REPRESENTATION OF NATHAN MCCANN AND ANDREW MCCANN WILL BE DIRECTLY ADVERSE TO GRANT**

As a preliminary matter, the Court must gauge whether representing Nathan McCann and Andrew McCann in the superior court matter will be directly adverse to Grant. Grant's complaint in this case states that Nathan McCann and Andrew McCann "were operating an unregistered, uninsured vehicle on Pearl Road at the intersection of Hope Road…at a high rate of speed….As a result the vehicle they were operating struck [Grant's] vehicle….[and] the Plaintiff suffered severe physical injuries…." (ECF No. 14-1 at 4-5; Compl. ¶ 15-17). The First Amended Complaint in the superior court matter, *Blankerberg, et al. v. Campbell Development, LLC, et al*., Civil No. 156/2019, states that Lee J. Rohn and Lee J. Rohn and Associates, LLC, represent Nathan McCann and Andrew McCann as plaintiffs (*see generally* ECF No. 14-3). The Complaint in this case clearly lays out that

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 7

Nathan McCann and Andrew McCann are the alleged tortfeasors in this case. And Rohn and her firm represent these alleged tortfeasors as plaintiffs in the superior court matter. Accordingly, the representation of Andrew McCann and Nathan McCann will be directly adverse to Grant under MRPC 1.7(a)(1).

### C. UNDER MRPC 1.7(a)(2), THERE IS A SIGNIFICANT RISK THAT REPRESENTING GRANT WILL BE MATERIALLY LIMITED BY ROHN'S RESPONSIBILITIES TO NATHAN MCCANN AND ANDREW MCCANN

As another inquiry, the Court needs to determine whether there is a significant risk that representing Grant will be materially limited by Rohn's responsibility to Nathan McCann and Andrew McCann. The problem with this situation—as contemplated under the Comments to MRPC 1.7—is that Rohn may be required to cross-examine Grant in the superior court matter, or Nathan McCann and Andrew McCann in this case. *See* Model Rules of Prof'l Conduct r. 1.7 cmt. 6. As a result, a directly adverse conflict arises should Rohn be required to cross-examine either Grant or Nathan McCann and Andrew McCann. Accordingly, there is a significant risk that representing Grant in this case will be materially limited by Rohn's responsibility to Nathan McCann and Andrew McCann.

### D. THE "HOT POTATO" PROBLEM WITH ROHN'S AND HER FIRM'S LETTER PURPORTING TO NO LONGER REPRESENT NATHAN MCCANN AND ANDREW MCCANN IN THE SUPERIOR COURT MATTER

Before moving on to analyzing MRPC 1.7(b), the Court should address the "Hot Potato" problem with Rohn's letter purporting to no longer represent Andrew McCann and Nathan McCann in the superior court matter. When an attorney "offer[s] to withdraw from

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 8

[an]other case[] in order to cure the conflicts of interest in [the present] case," the "Hot Potato" Rule arises because "an attorney may not drop one client like a 'hot potato' in order to avoid a conflict with another, [possibly] more remunerative client" as "[s]uch behavior is unethical [and] violates the attorneys' duty of loyalty." *International Longshoremen's Ass'n, Local Union 1332 v. International Longshoremen's Ass'n*, 909 F. Supp. 287, 293 (E.D. Pa. 1995).

Rohn and her firm, here, attach a letter stating that they "must withdraw from representing [Nathan McCann and Andrew McCann] due to a conflict of interest raised by [Grant] in [their case]" (ECF No. 19-4 at 1). Nevertheless, Rohn and her firm cannot drop Andrew McCann and Nathan McCann like a "Hot Potato" because this "behavior is unethical [and] violates [an] attorneys' duty of loyalty." *International Longshoremen's Ass'n*, 909 F. Supp. at 293. Moreover, the Court cannot glean from the record whether Rohn and her firm moved for leave to withdraw from representing Nathan McCann and Andrew McCann in the superior court matter.[4] Thus, for all intents and purposes, Rohn and her firm continue to represent Nathan McCann and Andrew McCann in the superior court matter.[5]

---

[4] The Court will explain *infra* why even if Rohn and her firm moved to withdraw from representing Nathan McCann and Andrew McCann in the superior court matter, this action would not cure the concurrent conflict of interest under MRPC 1.7 that precludes representing Grant in this case.
[5] Because this Court finds that Rohn and her firm continue to represent Andrew McCann and Nathan McCann in the superior court matter, it will not entertain arguments applying MRPC 1.9, Duties to Former Clients, in this case.

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 9

### E. THE REPRESENTATION OF GRANT AND NATHAN MCCANN AND ANDREW MCCANN INVOLVE A DIRECTLY ADVERSE CONCURRENT CONFLICT OF INTEREST UNDER MRPC 1.7(b)(3) WHICH PRECLUDES REPRESENTING GRANT IN THIS CASE

The next inquiry is to determine whether all the exceptions under MRPC 1.7(b)(1)-(4) are satisfied; however, if one is not satisfied, Rohn must be disqualified from representing Grant. *See Bellille*, 962 F.3d at 738. Under MRPC 1.7(b)(3), the Court finds that representing Grant involves an assertion of a claim by Grant against Nathan McCann and Andrew McCann. Thus, Rohn must be disqualified from representing Grant in this case. In addition, the Third Circuit has admonished that MRPC 1.7(b)(1)-(3) constitute prohibited representations for which "a lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." *Id*. (citing Model Rules of Prof'l Conduct r. 1.7 cmt. 14). Accordingly, even if Rohn tried to receive consent, the directly adverse representation of Grant and Nathan McCann and Andrew McCann constitutes a prohibited representation and a nonconsentable conflict under MRPC 1.7(b).

### F. ROHN ALONE WOULD BE PROHIBITED FROM REPRESENTING GRANT UNDER MRPC 1.7, SO ALL ATTORNEYS IN LEE J. ROHN AND ASSOCIATES, LLC, ARE ALSO PROHIBITED FROM DOING SO

The next inquiry is to determine whether Lee J. Rohn and Associates, LLC, should also be prohibited from representing Grant in this case. Under MRPC 1.10(a)(1), lawyers associated in Lee J. Rohn and Associates, LLC, "shall [not] knowingly represent" Grant "when any one of them practicing alone would be prohibited from doing so by [MRPC 1.7]." *See* Model Rules of Prof'l Conduct r. 1.10. Since this Court has determined that Rohn cannot

*Grant v. Aptim Environmental and Infrastructure, Inc., et al.*
1:19-cv-00025
Order Granting Defendant Witt O'Brien's, LLC's Motion to Disqualify Plaintiff's Counsel
Page 10

represent Grant under MRPC 1.7, it follows that all lawyers associated with Lee J. Rohn and Associates, LLC, cannot do so either. Accordingly, Lee J. Rohn and Associates, LLC, are disqualified from representing Grant.

WHEREFORE, it is now hereby **ORDERED:**

1. Defendant Witt O'Brien's, LLC's, Motion to Disqualify Plaintiff's Counsel (ECF No. 13) is **GRANTED**.

2. APTIM's Joinder in Witt O'Brien's Motion to Disqualify Plaintiff's Counsel (ECF No. 17) is **GRANTED**.

3. The Clerk of Court shall **TERMINATE** Attorney Lee J. Rohn and Lee J. Rohn and Associates, LLC, as counsel for Plaintiff Kevongh J. Grant in this case.

4. Plaintiff Kevongh J. Grant shall have a period of 60 days to obtain new counsel or inform the Court whether he will appear *pro se*.

ENTER:

Dated: March 10, 2021
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE