## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **KEVONGH J. GRANT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2019-0025** |
| | ) | |
| **APTIM ENVIRONMENTAL AND** | ) | |
| **INFRASTRUCTURE, INC. and WITT** | ) | |
| **O'BRIEN, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**Appearances:**
**Kevongh J. Grant**
St. Croix, U.S.V.I.
    *Pro Se*

**Sofia L. Mitchell, Esq.,**
**Adam G. Christian, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Witt O'Brien, LLC*

**Alex M. Moskowitz, Esq.,**
**Lisa Michelle Komives, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Aptim Environmental and Infrastructure, Inc.*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Dismiss for Failure to State a

Claim" ("Motion to Dismiss") (Dkt. No. 3), filed by Defendant Witt O'Brien, LLC[1] ("Defendant

---

[1] Defendant Witt O'Brien, LLC states that it has been improperly named in the Complaint as "Witt O'Brien, LLC" and its proper name is "Witt O'Brien's, LLC." (Dkt. No. 1 at 1).

WOB"), seeking to dismiss with prejudice all claims asserted against Defendant WOB in Plaintiff Kevongh Grant's ("Plaintiff") Complaint. For the reasons discussed below, the Court will grant Defendant WOB's Motion to Dismiss, except to the extent that it seeks dismissal of Plaintiff's claims with prejudice. Instead, the Court will grant Plaintiff leave to amend his Complaint.

## I.      BACKGROUND

Plaintiff filed the instant Complaint in the Superior Court of the Virgin Islands on April 4, 2019. (Compl. at 7). In his Complaint, Plaintiff alleges that Defendant WOB and Defendant APTIM Environmental and Infrastructure, Inc. ("Defendant APTIM") are liable for damages he sustained when his automobile was struck by another car. *Id.* at ¶¶ 16-17. Plaintiff alleges that the car that struck him was driven by Nathan McCann and Andrew McCann ("the McCanns"), who at the time of the collision were driving at a high rate of speed and on the wrong side of the road. *Id.* at ¶¶ 11, 15-16.

According to the Complaint, Defendant WOB contracted with the Virgin Islands Housing and Finance Authority to oversee a roofing project. *Id.* at ¶ 5. Plaintiff alleges that, during the course of the project, Defendant WOB "hired negligent and nefarious contractors without experience as to how to hire employees and retain crews to perform the work," and "had knowledge that such contractors were hiring inappropriate employees, who should not be allowed to operate vehicles in the Virgin Islands due to drinking problems, inability [sic] to operate a vehicle safely." *Id.* at ¶¶ 6-7. Plaintiff alleges further that Defendant APTIM, "on behalf of" Defendant WOB, would represent that the employees of the contractors worked for Defendant APTIM, and would assign these employees their job assignments. *Id.* at ¶ 10. Plaintiff claims that the McCanns were such employees, and at the time of the vehicle collision they were operating their vehicle "in the course and scope of their employment with Defendants." *Id.* at ¶¶ 11, 15.

Plaintiff also alleges that at the time of the accident, the McCanns were driving an unregistered and uninsured vehicle. *Id.* at ¶ 15. According to the Complaint, Defendant WOB "aided and abetted" its contractors "to illegally bring in vehicles and fail to register the same and fail to insure the same in the Virgin Islands," and Defendant APTIM conspired and aided Defendant WOB in this scheme. *Id.* at ¶¶ 8-9. Plaintiff maintains that Defendants should have registered and insured these vehicles, failed to do so, and then negligently entrusted these vehicles to the McCanns. *Id.* at ¶¶ 13-14.

Defendant WOB removed this case to federal court (Dkt. No. 1), and then filed the instant Motion to Dismiss (Dkt. No. 3) and accompanying Memorandum of Law (Dkt. No. 4). In its Motion to Dismiss, Defendant WOB moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint with prejudice for failure to state a claim. (Dkt. Nos. 3 at 1; 4 at 1). Plaintiff opposes the Motion. (Dkt. No. 7).[2]

## II.    APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a

---

[2] Plaintiff's Opposition to Defendant WOB's Motion to Dismiss—which was filed while Plaintiff was represented by counsel—was filed very belatedly; therefore, Plaintiff filed his "First Motion for Extension of Time" (Dkt. No. 6) contemporaneously with his Opposition, requesting that the Court excuse the late filing of his Opposition. While the Court has serious concerns regarding Plaintiff's showing of good cause and excusable neglect, the Court will nonetheless exercise its discretion to grant Plaintiff's Motion for Extension of Time *nunc pro tunc* and accept Plaintiff's untimely Opposition.

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Third Circuit, as articulated in *Connelly v. Lane Const. Corp.*, employs a three-step process in applying the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 675, 679) (internal citations omitted); *see also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (stating that when ruling on a motion to dismiss for failure to state a claim, courts accept a plaintiff's "factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted)).

At the Rule 12(b)(6) stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.     DISCUSSION

#### A.  Negligent Hiring and Retention

Defendant WOB argues that Plaintiff has not alleged sufficient facts to support a claim of negligent hiring and retention of an independent contractor or an independent contractor's employee. (Dkt. No. 4 at 3). Defendant WOB states that, while the Virgin Islands Supreme Court

has not yet conducted a *Banks* analysis[3] on the legal standard for a claim of negligent hiring and retention under Virgin Islands law, the Superior Court has applied a five-factor test, which requires the party seeking relief to show:

> (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing plaintiffs [sic] injuries; and (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries.

(Dkt. No. 4 at 3-4) (citing *Bell v. Radcliffe*, No. ST-13-CV-392, 2015 WL 5773561, at *11 (V.I. Super. Ct. Apr. 30, 2015) and *Canton v. Gov't of Virgin Islands*, No. SX-13-CV-42, 2016 WL 9454118, at *5 (V.I. Super. Ct. Apr. 4, 2016)). Defendant WOB argues that Plaintiff has not pleaded sufficient facts to state a claim for negligent hiring and retention under this standard. (Dkt. No. 4 at 5).

Plaintiff disputes the five-factor test put forth by Defendant WOB and instead argues that the proper rule to apply for negligent hiring and retention is the Restatement (Second) of Torts § 414. (Dkt. No. 7 at 4-6). Plaintiff asserts that under this section of the Restatement, he need only plead the elements of a claim for negligence. *Id.* at 7.[4]

---

[3] In *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011), the Virgin Islands Supreme Court held that, in the absence of Supreme Court precedent on a common law rule, courts in the Virgin Islands must conduct what has become known as a "*Banks* analysis" to determine which legal standard to adopt. *See Gumbs-Heyliger v. CMW & Assocs. Corp.*, 73 F. Supp. 3d 617, 625 (D.V.I. 2014) (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 757 (2014); *Gov't of the V.I. v. Connor*, 60 V.I. 597, 603 (2014)). "In conducting a *Banks* analysis, courts balance 'three non-dispositive factors': (1) whether any [local or federal] courts [in the Virgin Islands] have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands." *Id.* (quoting *Simon v. Joseph*, 59 V.I. 611, 623 (2013)) (alteration in original).

[4] The parties dispute how Virgin Islands courts have treated the Restatement (Second) of Torts §§ 409-429, dealing with employer liability for the negligence of independent contractors. (Dkt. Nos. 4 at 3-4; 7 at 4-5). Because the parties only argue the applicability of Sections 409 and 414 to this case, the Court need not address any other Restatement section in this Opinion.

The Restatement (Second) of Torts § 409 states that: "[e]xcept as stated in §§ 410-429, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Section 414, in turn, states:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

The Restatement is organized so that Section 409 "recites the general rule of non-liability . . . [while] sections 410 through 415 describe those situations in which an employer may nevertheless be liable for injuries to others caused by the contractor." *Figueroa v. Hess Oil Virgin Islands Corp.*, 198 F. Supp. 2d 632, 637 (D.V.I. App. Div. 2002).[5]

In arguing about the proper standard to apply for a claim of negligent hiring and retention, the parties focus on two slightly different—albeit similar—torts that are forms of negligence liability: negligent hiring and retention and negligence in exercising retained control. *See Figueroa*, 198 F. Supp. 2d at 635 (referring to "the tort of negligent exercise of retained control as set forth in Restatement section 414"); *compare* Restatement (Second) of Torts § 411 (Negligence in Selection of Contractor) *with* Restatement (Second) of Torts § 414 (Negligence in Exercising Control Retained by Employer). Common law principles allow employers to be held liable in various ways for their own negligence for injuries caused by their independent contractors. *See Joseph v. Hess Oil Virgin Islands Corp.*, 54 V.I. 657, 665 (2011) ("[A]nyone, including an employer of an independent contractor, may be held liable for his or her own negligence." (quoting

---

[5] Sections 410 through 415 relate to the employer's direct negligence as opposed to any vicarious liability. *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 240-241 (3d Cir. 2002); *see also Joseph*, 54 V.I. at 665.

*Hood v. Hess Oil V.I. Corp.*, 650 F. Supp. 678, 680 (D.V.I. 1986)) (internal quotation marks omitted)); *Figueroa*, 198 F. Supp. 2d at 638 ("[C]ommon law principles of negligence allow injured parties to recover against anyone who fails to carry out their affirmative duties with due care.").

        To establish liability under Section 414,[6] a plaintiff must show that "[the employer] had such control over how [the independent contractor] performed his work that it had a duty to exercise its control with due care." *Joseph*, 54 V.I. at 665; *Gass v. V.I. Tel. Corp.*, 311 F.3d 237, 240 n.3 (3d Cir. 2002) ("[U]nder section 414, the employer must be alleged to have exercised his retained control negligently."); *see also Figueroa*, 198 F. Supp. 2d at 644 ("[W]here an employer assumes affirmative duties, directs the method of performance of those duties, or offers specific instruction regarding the manner of performance, he may be liable when he exercises that control without due care."). Comment c of Section 414 "elaborates on the type of control that is necessary to create a legal duty":

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

---

[6] The Virgin Islands Supreme Court previously applied Sections 409 and 414 in *Joseph v. Hess Oil Virgin Islands Corp.*, 54 V.I. 657 (2011). *Joseph* was decided several months prior to the Supreme Court's decision in *Banks*. However, the Superior Court has found it unnecessary to depart from *Joseph's* analysis of sections of the Restatement. *See Hodge v. V.I. Tel. Corp.*, 60 V.I. 105, 111 n.15 (V.I. Super. Ct. 2014) ("Of note, *Joseph* predates *Banks* by a couple of months and appears to blindly adopt RESTATEMENT (SECOND) OF TORTS § 409 . . . [however], the Court does not find it necessary to depart from the *Joseph* Court's holding, and concludes a *Banks* analysis is unnecessary to apply the common law principle here."). Similarly, this Court finds no reason to depart from *Joseph's* discussion of Sections 409 and 414.

*Joseph*, 54 V.I. at 666 (citing Restatement (Second) of Torts § 414 cmt. c).[7]

      Plaintiff argues that the Motion to Dismiss should be denied because the issue of the degree of retained control should be left for determination by a jury. (Dkt. No. 7 at 4 n.6). Plaintiff is correct that the degree of retained control is an issue of fact for the jury. *Figueroa*, 198 F. Supp. 2d at 645. However, in order to withstand a motion to dismiss, Plaintiff must still make factual allegations that plausibly give rise to a claim for relief. Here, the Complaint is devoid of any allegations from which one can plausibly conclude that Defendant WOB retained any control over the McCanns' employer[8] or the McCanns themselves, and therefore, had any legal duty to exercise such control with due care.

---

[7] Defendant WOB disagrees with Plaintiff's argument that he may simply rely on the elements of a claim for negligence in order to state a claim for negligent hiring and retention. (Dkt. No. 9 at 6). However, as the Court has noted, Section 414 presents a different theory of liability than negligent hiring and retention. The elements of negligence are relevant to stating a claim under Section 414 because it states the rule for when an employer can be liable for *its own negligence* when exercising retained control over an independent contractor. *See Figueroa*, 198 F. Supp. 2d at 637 n.9 ("[T]he language of section 414 . . . incorporates all of the elements of negligence into its terms. Section 414 requires that the employer 'owes a duty,' and that it was his 'failure to exercise' 'reasonable care' that 'caused' the 'harm.' This language exactly mirrors the elements of common law negligence and when they are proven, the tortfeasor will be liable."); *Joseph*, 54 V.I. at 666 ("Whether [the defendant's] alleged liability is premised on common law negligence or section 414 negligent retention of control makes no difference; both claims are premised on [the defendant's] alleged failure to exercise reasonable care in deciding which equipment Joseph used to complete his work."). In particular, Section 414 is concerned with whether an employer retains sufficient control over the actions of an independent contractor to impose a *legal duty*. *See Joseph*, 54 V.I. at 667 ("Such control over the equipment used to complete the job, if exercised by HOVIC, created a legal duty to use [] reasonable care under section 414."); *Carty v. Hess Oil V.I. Corp.*, 78 F. Supp. 2d 417, 420 & n.8 (D.V.I. App. Div. 1999) (reciting the elements of negligence as "legal duty to perform, and breach of that duty resulting in harm" and stating that "[t]he basis for imputing a duty to the employer where the claim involves . . . an independent contractor is [Section 414]").

[8] Throughout its written submissions, Defendant WOB takes issue with Plaintiff's failure to identify the contractors who in turn hired the McCanns. (*See, e.g.*, Dkt. No. 4 at 5 ("It is impossible to establish an employment relationship where Plaintiff has not even identified the contractors who hired the employees.")). Indeed, the Complaint is replete with references to unnamed contractors who Defendant WOB allegedly hired, acted in concert with, and had knowledge of their hiring practices. However, parties are not required to know the identities of all of the actors involved at

The only allegations that hint at some sort of control that Defendant WOB exercised over the McCanns are that: (1) "APTIM, on behalf of O'Brien, . . . would assign those employees their job assignments, and allow those employees to drive unregistered vehicles in the Virgin Islands to and from their jobs" (Compl. at ¶ 10); and (2) "Defendants . . . allowed and had those employees use their vehicles brought from the states on a 24-hour basis." *Id.* at ¶ 12. However, general and conclusory allegations that Defendant WOB—along with Defendant APTIM in some undefined relationship—*allowed* employees like the McCanns to drive vehicles and *assigned* them job assignments are insufficient to plausibly allege any duty by Defendant WOB that would state a claim for relief under Section 414. *See Marcano v. Hess Oil Virgin Islands Corp.*, 237 F. Supp. 2d 592, 598 (D.V.I. App. Div. 2002) (Under Section 414, "the plaintiff 'must prove that the employer retained control over the actual conduct of the work or assumed affirmative duties with regard to safety, and that the employer was negligent in the exercise of or control of his duties.'" (quoting *Ibrahim v. Virgin Islands Water and Power Authority,* Civil No. 92-227, 1996 WL 493172, at *3 (D.V.I. June 28, 1996))); *Hood*, 650 F. Supp. at 681 ("[G]eneral right of inspection and supervision to insure the contractor's compliance with project specifications is generally insufficient to impose § 414 liability."); *St. Croix Renaissance Grp., LLLP v. St. Croix Alumina, LLC*, Civil Action No.

---

the outset of litigation. *See Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-12585-NLH-JS, 2020 U.S. Dist. LEXIS 114598, at *18-19 (D.N.J. June 30, 2020) ("As the Third Circuit has recognized, '[p]laintiffs may be unaware of the identities and roles of relevant actors and [may be] unable to conduct a pre-trial investigation to fill in the gaps.' . . . By itself, however, this 'lack of knowledge does not bar entry into a federal court.'" (quoting *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004))); *Blakeslee v. Clinton County*, 336 Fed. App'x 248, 250 (3d Cir. 2009) ("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified."). While the inability to identify the contractors referenced in the Complaint is not fatal to the viability of the Complaint, it does not lend any clarity especially in light of the host of issues discussed herein that warrant dismissal of the Complaint.

04-67, 2011 WL 2160910, at *2 (D.V.I. May 31, 2011) ("[S]uch control must involve more than the day-to-day activities of a general overseer.").

Plaintiff argues that the Complaint adequately pleads Defendant WOB's control over the McCanns because it alleges that Defendant APTIM would represent that employees such as the McCanns worked for it, would assign them jobs, and "WOB had actual control over APTIM." (Dkt. No. 4 n.6). Despite Plaintiff's argument to the contrary, the Court finds no well pleaded factual allegations in the Complaint that plausibly give rise to a claim for relief based on the theory that Defendant WOB exercised control over Defendant APTIM. Plaintiff's conclusory allegation to that effect, which is "not entitled to the assumption of truth," must be disregarded. *Connelly*, 809 F.3d 787. Thus, Plaintiff has failed to allege a plausible claim for relief against Defendant WOB under Section 414.[9]

---

[9] Plaintiff additionally states that the Court can take judicial notice of Defendant WOB's assumption of duties under its Contract for Professional Services. (Dkt. No. 7 at 8) (citing WOB Professional Services Contract, ¶ 1[0] "Liability and Indemnification" https://www.vihfa.gov/ disaster-recovery/contracts.). Defendants argue that the contract identified by Plaintiff "bears no relevance to this litigation because it is between WOB and the Virgin Islands Public Finance Authority ("VIPFA"), an entity not even mentioned in the Complaint." (Dkt. No. 9 at 9). The Court agrees that Plaintiff has not explained why this contract is relevant to the project Defendant WOB undertook for the Virgin Islands Housing and Finance Authority as alleged in the Complaint, except that it appears on the Virgin Islands Housing and Finance Authority's website. The provision of the contract on which Plaintiff relies—"Liability and Indemnification"—simply speaks to indemnification between Defendant WOB and VIPFA/Government of the Virgin Islands and limits liability and damages that may arise under the contract. VIPFA and the Government of the Virgin Islands are not parties to this litigation and therefore the apportionment of liability and damages between them is not relevant. Plaintiff also relies on the statement in the Addendum to the contract that Defendant WOB "shall perform the Services utilizing the standard of care normally exercised by professional consulting firms in performing comparable services under similar conditions, and to require the maintenance of such standards by any employee or contractor employed by it to perform services hereunder." In addition to the relevance issue, on its face this conclusory language appears to suggest nothing more than the type of "general right of inspection and supervision" that is insufficient to state a claim for relief under Section 414. *See Hood*, 650 F. Supp. at 681. In any event, as discussed above, the Complaint does not allege facts which suggest that the McCanns or their employer would fall within any such control.

With regard to a claim of negligent hiring and retention, Plaintiff argues that the Court must reject the five-factor test advocated by Defendant WOB because the Superior Court in *Bell v. Radcliffe* failed to conduct a complete *Banks* analysis. (Dkt. No. 7 at 5-6). However, the Superior Court in *Canton v. Gov't of Virgin Islands*, No. SX-13-CV-42, 2016 WL 9454118 (V.I. Super. Ct. Apr. 4, 2016), went on to "recognize[] the *Banks* analysis conducted by the Superior Court in *Bell v. Radcliffe*" and "concur[ed] with its determination of the elements of proof required to sustain claims of negligent hiring, training, retention, or supervision of an employee." *Id.* at *5. Moreover, the Superior Court and this Court have consistently accepted and applied the five-factor test for negligent hiring and retention. *See, e.g.*, *Williams v. Cost-U-Less, Inc.*, Civil No. 2011-025, 2014 U.S. Dist. LEXIS 90849, at *20 (D.V.I. July 3, 2014); *Garnett v. Legislature of the Virgin Islands*, Civil No. 2013-21, 2014 U.S. Dist. LEXIS 180681, at *12 (D.V.I. Mar. 7, 2014); *James-Frederick v. Frenchman's Reef & Morning Star Marriott Beach Resort*, Civil No. 12-80 (SDW), 2013 U.S. Dist. LEXIS 108488, at *23-24 (D.V.I. Aug. 1, 2013); *Walker v. V.I. Waste Mgmt. Auth.*, 62 V.I. 53, 63 (V.I. Super. Ct. 2014); *Guardian Ins. Co. v. Estate of Knight-David*, No. ST-08-CV-189, 2017 V.I. LEXIS 103, at *5 (V.I. Super. Ct. April 7, 2017). The Court sees no reason to depart from this consistent application of the five-factor test by courts in the Virgin Islands.

As to whether Plaintiff has stated a claim for negligent hiring and retention, the Court finds that he has not. Plaintiff alleges that Defendant WOB negligently hired and retained contractors who were, in turn, hiring incompetent employees who could not safely operate vehicles. Plaintiff also alleges that the contractors allegedly hired by Defendant WOB were "without experience as to how to hire employees and retain crews to perform the work" and "were hiring inappropriate employees, who should not be allowed to operate vehicles in the Virgin Islands due to drinking problems, inability [sic] to operate a vehicle safely." (Compl. at ¶¶ 6-7). Plaintiff further claims

11

that Defendant WOB "had knowledge" that its contractors were hiring such "inappropriate employees." *Id.* at ¶ 7. However, Plaintiff does not allege any facts regarding the alleged incompetence of either the contractors or of the McCanns, or allege any facts as to Defendant WOB's knowledge of such alleged incompetence. Plaintiff's general and conclusory allegations are insufficient to plausibly state a claim for relief for negligent hiring and retention. *See James-Frederick*, 2013 U.S. Dist. LEXIS 108488, at *25 (dismissing a claim for negligent retention or supervision because, among other things, "Plaintiff fail[ed] to provide facts in support of [the employee's] incompetence"); *Vanderwall v. Marriott Ownership Resorts (St. Thomas)*, Civil No. 2012-84, 2013 U.S. Dist. LEXIS 117764, at *34-35 (D.V.I. Aug. 20, 2013) ("[T]he plaintiffs fail to allege any facts supporting the 'incompetence' and 'knowledge' elements required for the asserted theories of liability. As such, the plaintiffs fail to state a claim for negligent hiring, retention, and supervision.").

Accordingly, the Court will grant Defendant WOB's Motion to Dismiss as to claims for negligent retention and hiring, or "retained control" liability as articulated under Restatement (Second) of Torts § 414.

### B. Negligent Entrustment

In order to state a claim for negligent entrustment in the Virgin Islands, "the Complaint must plausibly assert four elements . . . (1) the defendant supplied a chattel to a third person; (2) likelihood that such third person because of youth, inexperience, or otherwise would use the chattel in a manner involving unreasonable risk of harm to himself and others whom the defendant should expect to be endangered; (3) the defendant knew or had reason to know of such a likelihood; and [(]4) proximate cause of the harm to plaintiff by conduct of the third person." *Sebastien v. Comercializadora Gen. de St. Thomas, LLC*, No. ST-14-CV-289, 2019 WL 3740612, at *4 (V.I.

Super. Ct. Aug. 8, 2019) (quoting *Dorsett v. Blomquist*, No. ST-2014-CV-233, 2017 V.I. LEXIS 23, at *3-4 (V.I. Super. Ct. Feb. 6, 2017)); *see also Greaux v. Frett*, No. ST-18-CV-078, 2019 WL 2331114, at *3 (V.I. Super. Ct. May 29, 2019).[10] Further, "in order to survive a motion to dismiss, a plaintiff must not only allege facts regarding the specific condition(s) of the entrusted individual that constituted the legal cause of plaintiff's physical harm, but also that the one entrusting the chattel knew or had reason to know of the specific condition(s)." *Marian v. Fraser*, No. ST-13-CV-549, 2014 V.I. LEXIS 19, at *12 (V.I. Super. Ct. Mar. 17, 2014)

With regard to Plaintiff's claim for negligent entrustment, the Complaint alleges that:

- "Witt O'Brien had knowledge that such contractors were hiring inappropriate employees, who should not be allowed to operate vehicles in the Virgin Islands due to drinking problems, inability [sic] to operate a vehicle safely." (Compl. at ¶ 7).

---

[10] The Superior Court in *Faulknor v. Gov't of the Virgin Islands*, 60 V.I. 65 (V.I. Super. Ct. 2014) performed a *Banks* analysis and adopted the Restatement (Second) of Torts § 390 as the law of the Virgin Islands. *See also Marian v. Fraser*, No. ST-13-CV-549, 2014 V.I. LEXIS 19, at *11-12 (V.I. Super. Ct. Mar. 17, 2014) (following *Faulknor*). The Restatement (Second) of Torts § 390 states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

In formulating the 4-factor test for a claim of negligent entrustment, the Superior Court in *Dorsett v. Blomquist*, No. ST-2014-CV-233, 2017 V.I. LEXIS 23 (V.I. Super. Ct. Feb. 6, 2017) relied on the *Banks* analysis performed in *Faulknor* and its adoption of Restatement (Second) of Torts § 390. *See Dorsett*, 2017 V.I. LEXIS 23, at *4 n.10.

- "Defendants . . . . allowed and had those employees use their vehicles bought from the states on a 24-hour basis in the course and scope of their employment with Defendants." *Id.* at ¶ 12.

- "Defendants . . . negligently entrusted the unregistered and uninsured vehicles to those persons to operate on the streets of St. Croix." *Id.* at ¶ 14.

- "On November 1, 2018, the McCann's [sic] were operating an unregistered, uninsured vehicle . . . . They operated the vehicle at a high rate of speed on the wrong side of the road. Which [sic] Defendants known [sic] or should have known they were likely to do." *Id.* at ¶ 15.[11]

The conclusory allegations that Defendant WOB knew that its contractor was hiring employees with an "inability to operate a vehicle safely" or that Defendant WOB should have known that the McCanns would operate a "vehicle at a high rate of speed on the wrong side of the road" (Compl. at ¶¶ 7, 15) are insufficient to survive a motion to dismiss because Plaintiff does not allege facts as to why Defendant WOB would know that the McCanns were unsafe drivers or likely to speed. *See Faulknor v. Gov't of the Virgin Islands*, 60 V.I. 65, 89-90 (V.I. Super. Ct. 2014) (finding allegations that defendant knew driver was "reckless and/or an incompetent driver" was insufficient as "a legal assertion couched as a factual allegation" and further, plaintiff failed to allege "anything about Defendant[, such as poor vision or a history of automobile accidents,] ... that would cause a reasonable person to believe that entrusting a vehicle to Defendant … would

---

[11] While Plaintiff argues that allegations regarding Defendants' duty to register the vehicles and ensure that they were properly insured are relevant to Plaintiff's claim of negligent entrustment (Dkt. No. 7 at 13-14), the Court does not find that those allegations speak to how and why the McCanns would "use the chattel in a manner involving unreasonable risk of harm to [themselves] and others," or to Defendants' alleged knowledge of such an eventuality.

result in an unreasonable risk of an accident" (internal quotation marks omitted)); *Dorsett*, 2017 V.I. LEXIS 23, at *4 (finding the plaintiffs failed to adequately plead a claim for negligent entrustment when "Plaintiffs fail[ed] to allege facts that provide a basis as to why Bell should have suspected 'Blomquist was a reckless and/or incompetent driver' or Blomquist would use the vehicle in a manner involving unreasonable risk"); *Fleming v. Scribner*, No. SX-08-CV-621, 2010 WL 7708570, at *3 (V.I. Super. Ct. Sept. 15, 2010) ("Plaintiff in this case also failed to allege in the Complaint that there was anything about Defendant . . . that would cause a reasonable person to believe that entrusting a vehicle to Defendant . . . would result in an unreasonable risk of an accident.").[12]

Plaintiff otherwise alleges that Defendant WOB knew that vehicles were given to "inappropriate employees" with "drinking problems." (Compl. at ¶ 7). However, such an allegation still does not plausibly state a claim for negligent entrustment because, the Complaint contains no allegations that the McCanns themselves had drinking problems or that alcohol was involved in the alleged collision between Plaintiff's vehicle and the vehicle operated by the McCanns. *See Marian*, 2014 V.I. LEXIS 19, at *12 ("plaintiff must . . . allege facts regarding the specific

---

[12] Plaintiff relies on *Greaux v. Frett*, No. ST-18-CV-078, 2019 WL 2331114 (V.I. Super. May 29, 2019). (Dkt. No. 7 at 12). The Superior Court in *Greaux*, found that Plaintiff met the pleading requirements for a claim of negligent entrustment because he alleged that "Sauter entrusted her vehicle to Frett when she knew or should have known that Frett was incompetent to operate that vehicle due to his age, driving experience, and driving record [and] Frett's actions and inactions were the proximate cause of [plaintiff's] injuries and damages." *Greaux*, 2019 WL 2331114, at *3. However, the Court in *Greaux* was applying the notice-pleading standard, not the higher standard established by *Iqbal* and *Twombly* under the Federal Rules of Civil Procedure. *Id.* at *1. Under the federal standard, such conclusory allegations "are not entitled to the presumption of truth." *See Connelly*, 809 F.3d at 789.

condition(s) of the entrusted individual that constituted *the legal cause* of plaintiff's physical harm." (emphasis added)).

Accordingly, the Court will grant Defendant WOB's Motion to Dismiss as to Plaintiff's claim for negligent entrustment.

## C. Negligence *per se*

Plaintiff argues in his Opposition that he has stated a claim for negligence *per se* because "Defendants negligently permitted employees to drive uninsured on V.I. roads." (Dkt. No. 7 at 14-15). Plaintiff argues that Defendant WOB is therefore liable for damages caused by its vehicles operating in violation of the Virgin Islands' Compulsory Automobile Liability Insurance statute, V.I. Code Ann. tit. 20, § 712.

In order to state a claim for negligence *per se* "the plaintiff must demonstrate that the defendant had a duty to follow the law, failed to follow the law, and that such failure caused damages to the plaintiff as a person within the class intended to be protected by the statute or regulation." *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 423 (2016). Courts in the Virgin Islands have recognized that an individual damaged by the operation of a vehicle not in compliance with V.I. Code Ann. tit. 20, § 712 may possibly state a cause of action:

> The language of § 712 clearly shows a legislative intent to penalize both owners and registrants who allow motor vehicles to operate on the public roads and highways of the territory without motor vehicle liability insurance. Therefore, when uninsured vehicles cause damage to a third party while being operated illegally on the public roads and highways of the territory, both registrants and owners are liable to that third party for the resulting damages.

*Krind v. Barlow*, 44 V.I. 293, 299 (V.I. Terr. Ct. 2002); *cf. Gerson v. Walker*, No. SX-18-CV-178, 2019 WL 8883542, at *2-3 (V.I. Super. Ct. May 21, 2019) (permitting amendment of a complaint that presented claim for negligence *per se* based on an alleged violation of V.I. Code Ann. tit. 20, § 712, but stating that the legal questions of whether the statute "protects a particular class of

16

persons or connotes a private right of action" is properly addressed on a motion for summary judgment).

V.I. Code Ann. tit. 20, § 712 applies to "[a]ny owner or registrant of a motor vehicle registered in this territory who operates or causes to be operated, a motor vehicle upon any public road or highway in this territory without motor vehicle liability insurance coverage" and "any other who operates or causes a motor vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance coverage." The allegations in the Complaint are insufficient to allow the Court to conclude that Plaintiff plausibly states a claim against Defendant WOB under V.I. Code Ann. tit. 20, § 712, based on a negligence *per se* theory.

First, the Complaint does not allege that Defendant WOB is the owner or registrant of the vehicle at issue. Instead, Plaintiff alleges that Defendant WOB "aided and abetted . . . contractors to illegally bring in vehicles and fail to register the same and fail to insure the same in the Virgin Islands." (Compl. at ¶ 8). The Complaint next alleges that "[Defendant] APTIM, on behalf of O'Brien, would . . . allow those employees to drive unregistered vehicles." *Id.* at ¶ 10. Finally, the Complaint alleges that "Defendants . . . allowed and had those employees use their vehicles" and "Defendants were supposed to register those vehicles and make sure they were properly insured." *Id.* at ¶¶ 12-13. Based on these vague, conclusory and possibly conflicting allegations, one cannot conclude that the Complaint alleges that Defendant WOB is either the owner or registrant of the vehicle at issue.

To the extent that Plaintiff is alleging that Defendant WOB is liable under the statute as "any other who . . . causes a motor vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance

coverage," the Complaint also fails to allege facts to plausibly support such a claim. The Complaint makes vague and conclusory allegations that "Defendants" allowed employees such as the McCanns to use their vehicles (Compl. at ¶¶ 10, 12, 13, 14, 15), and "Defendants were supposed to . . . make sure [the vehicles] were properly insured." *Id.* at ¶ 13. However, alleging such collective action by two defendants without factual allegations as to each defendant fails to meet the pleading requirements under Rule 8, as it fails to put a defendant on notice of the factual allegations upon which the claim rests. *See Dolan v. PHL Variable Ins. Co.*, Civil Action No. 3:15-cv-01987, 2016 U.S. Dist. LEXIS 161414, at *21 (M.D. Pa. Nov. 22, 2016) ("As numerous courts have held in the context of Rule 8, concluding mass and mutual liability without pleading the supporting facts does not show 'that the pleader is entitled to relief' and does not give any of the Defendants 'a fair notice of what the ... claim is and the grounds upon which it rests.'" (citing Fed. R. Civ. P. 8(a)(2)). While the Complaint asserts at one point that Defendant APTIM took action "on behalf of" Defendant WOB, there are no factual allegations that articulate any relationship between Defendant APTIM and Defendant WOB that would allow the Court to find that Plaintiff has alleged a plausible claim for negligence *per se* against Defendant WOB for alleged collective action by Defendants. *See Mathias v. York Cnty.*, No. 1:16-CV-01338, 2017 U.S. Dist. LEXIS 27409, at *28 (M.D. Pa. Feb. 28, 2017) ("It is not always inappropriate to plead allegations against numerous defendants, but when the court cannot reasonably determine from the allegations what conduct each defendant was personally involved in, the complaint fails to comply with *Twombly* and *Iqbal*.").

Finally, the Court notes that the Complaint is devoid of references to V.I. Code Ann. tit. 20, § 712, or any suggestion that a negligence *per se* theory is being asserted. Courts have found that a complaint meets the pleading requirements for a claim of negligence *per se* when it

references the particular statute allegedly violated *or adequately implies the statute at issue*. *See Welch v. Loftus*, 776 F. Supp. 2d 222, 226 (S.D. Miss. 2011) ("Rule 8 does not demand that a plaintiff claiming negligence *per se* include within his Complaint an explicit citation to authority simply for the sake of doing so. So long as the Complaint alleges particular conduct that clearly violates a statute or regulation, it pleads negligence *per se* with sufficient particularity."); *cf. Kowalsky v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. 14-07856 (CCC)(JBC), 2015 U.S. Dist. LEXIS 133284, at *23 (D.N.J. Sept. 30, 2015) ("Plaintiff's claim against Deutsche Bank for negligence per se is dismissed because the Complaint does not identify or imply which statute(s) Deutsche Bank violated. . . . [C]ourts in numerous districts have dismissed claims of negligence per se under Rule 12(b)(6) for failure to satisfy the notice pleading requirements of Rule 8 when the complaint fails to identify the statute or regulation which forms the basis of the claim.") (collecting cases). While one might argue that Plaintiff's repeated references in the Complaint to unregistered and uninsured vehicles might imply a violation of V.I. Code Ann. tit. 20, § 712, the Court finds that the absence in the Complaint of any counts that identify causes of action or statutes that are alleged to be violated renders the Complaint insufficient to put Defendant WOB on notice that a negligence *per se* theory under V.I. Code Ann. tit. 20, § 712 is being asserted. *See, e.g., Arno v. Hess Corp.*, 71 V.I. 463, 510 (V.I. Super. Ct. 2019) ("This Court agrees: a negligence per se claim must identify which statute, ordinance, regulation, or law was violated.").

Accordingly, the Court will dismiss Plaintiff's negligence *per se* claim against Defendant WOB.

## D. *Respondeat Superior*

A claim for *respondeat superior* under Virgin Islands law follows the Restatement (Second) of Agency § 219. *See Nicholas v. Damian-Rojas*, 62 V.I. 123, 130 (V.I. Super. Ct. 2015)

(conducting *Banks* analysis and finding that § 219 represents the soundest rule for the Virgin

Islands). The Restatement (Second) of Agency § 219 provides:

> (1) A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.
> (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
>> (a) the master intended the conduct or the consequences, or
>> (b) the master was negligent or reckless, or
>> (c) the conduct violated a non-delegable duty of the master, or
>> (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.

First, the Court must decide if Plaintiff has sufficiently alleged that the McCanns were

acting within in the scope of their employment at the time that the vehicle collision occurred.

"Employee conduct is 'within the scope of employment if it is the kind he is employed to perform

and it occurs substantially within the authorized time and space limits.'" *Nicholas*, 62 V.I. at 130–

31 (quoting *Williams v. Rene*, 72 F.3d 1096, 1100 (3d Cir. 1995)); *see also Cintron v. Polston*, 62

V.I. 144, 149-150 (V.I. Super. Ct. 2015) ("To determine whether an employee acted in the course

and scope of his employment, courts determine whether … the employee's tort encompasses the

type of action the employee was hired to perform . . . and whether the act occurs substantially

within the authorized time and space limits." (internal citations and quotations omitted)).

In the Virgin Islands, "proof of a defendant's ownership of a vehicle and of its operation

at the time of the accident by an agent of the defendant creates a presumption that the driver was

acting within the scope of employment." *Nicholas*, 62 V.I. at 132 (adopting such presumption as

the soundest rule for the Virgin Islands).[13] However, as noted above, the Complaint fails to

---

[13] The Superior Court in *Nicholas* additionally adopted the so-called Morgan theory on the effect of a presumption. *Nicholas*, 62 V.I. at 134. "Under the Morgan theory, both the burden of production and the burden of persuasion shift to the party against whom the presumption operates."

sufficiently allege ownership of the vehicle at issue by Defendant WOB; therefore, this presumption is inapplicable.

Further, Plaintiff has not alleged any facts that the McCanns were acting within the scope of their employment at the time of the collision. Plaintiff alleges that "Defendants . . . had these employees use their vehicles brought from the states on a 24-hour basis in the course and scope of their employment" (Compl. at ¶ 12), and "[o]n November 1, 2018, the McCann's were operating an unregistered, uninsured vehicle . . . in the course and scope of their employment with Defendants." *Id.* at ¶ 15. However, merely stating that a tortfeasor is acting within the course and scope of his/her employment, without factual allegations to support such a conclusion, does not plausibly state a claim for *respondeat superior. See Cintron*, 62 V.I. at 149-150 (dismissing a *respondeat superior* claim because "Plaintiffs' claim that at the time of the incident Defendant . . . was acting in the course and scope of employment is a legal conclusion couched as a factual allegation devoid of further factual enhancement"); *Canton*, 2016 WL 9454118, at *4 ("Plaintiff's repeated assertion that Gonzalez was 'acting within the scope of his employment' is such a legal conclusion, couched as a factual allegation, which is not entitled to the assumption of truth.").

Plaintiff further argues that "[e]ven if the McCanns were not acting in the scope of their employment, Defendants are still liable because the Complaint alleges that they acted negligently in allowing the McCanns to drive uninsured vehicles knowing they were heavy drinkers and were not familiar with the left side driving in St. Croix." (Dkt. No. 7 at 19). The Restatement (Second) of Agency § 219(b)(2) allows an employer to be held liable for a tort of its employee "acting

---

*Id.* at 133 (quoting *Gumbs-Heyliger v. CMW & Assocs. Corp.*, 73 F. Supp. 3d 617, 625 (D.V.I. 2014)).

outside the scope of their employment" if "the master was negligent or reckless." However, as discussed above, the Court has found that Plaintiff has failed to state a plausible claim that Defendant WOB was negligent in allowing the McCanns to drive the vehicle.

The Court will therefore grant Defendant WOB's Motion to Dismiss as to Plaintiff's *respondeat superior* claim.

### E. Aiding and Abetting a Tort

In the Virgin Islands, "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he: [1] knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or [2] gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." *Guardian Ins. Co. v. Estate of Knight-David*, No. ST-08-CV-189, 2018 V.I. LEXIS 115, at *11 (V.I. Super. May 29, 2018) (adopting civil aiding and abetting liability as expressed in Restatement (Second) of Torts § 876 (b) and (c) as the soundest rule for the Virgin Islands).

Defendant WOB argues that Plaintiff's aiding and abetting claim must be dismissed because "Plaintiff has not stated with particularity any facts to support any of the elements for that cause of action." (Dkt. No. 4 at 6). On the other hand, Plaintiff argues that the Complaint sufficiently alleges that Defendant WOB gave substantial assistance to its contractors in hiring reckless individuals and allowing them to operate unregistered and uninsured vehicles in the Virgin Islands, thereby endangering V.I. citizens. In particular Plaintiff relies on the allegations in the Complaint that:

- "Witt O'Brien has hired negligent and nefarious contractors without experience as to how to hire employees and retain crews to perform the work."

- "Witt O'Brien had knowledge that such contractors were hiring inappropriate employees, who should not be allowed to operate vehicles in the Virgin Islands due to drinking problems, inability [sic] to operate a vehicle safely."

- "In addition, O'Brien knew and aided and abetted these fly by night contractors to illegally bring in vehicles and fail to register the same and fail to insure the same in the Virgin Islands."

(Dkt. No. 7 at 11-12) (citing Compl. at ¶¶ 6-8).

The allegation that Defendant WOB "knew and aided and abetted these fly by night contractors to illegally bring in vehicles" (Compl. at ¶ 8), is purely a legal conclusion, devoid of any facts. Further, as discussed above, the two other allegations Plaintiff cites are conclusory and vague statements that also lack any factual allegations supporting the assertions that Defendant WOB had "knowledge" of the allegedly negligent behavior of its contractors or that the contractors were "negligent" or "nefarious." Such conclusory allegations are "not entitled to the presumption of truth" and do not plausibly state a claim for relief for civil aiding and abetting. *See Connelly*, 809 F.3d at 789. Accordingly, the Court will grant Defendant WOB's Motion to Dismiss as to Plaintiff's claim for civil aiding and abetting.

## IV.    LEAVE TO AMEND

Plaintiff states that the Complaint was drafted to comply with the notice pleading standard required in the Superior Court, and that if the Court finds that the Complaint does not meet the heightened pleading standard applicable in federal court, the Plaintiff should be granted leave to

amend. (Dkt. No. 7 at 1-2). Although the Court finds that Plaintiff's Complaint is subject to dismissal for failure to state a claim, the Court will grant Plaintiff leave to amend his Complaint.[14]

Pursuant to Fed. R. Civ. P. 15(a), courts should "freely" give leave to amend complaints when justice requires. *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). Leave to amend should be "freely given," because "[a]llowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits." *Ali v. Intertek Testing Servs. Caleb Brett*, 332 F. Supp. 2d 827, 829 (D.V.I. 2004) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990)). Indeed, leave to amend should be denied only when there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent a justifying reason, it is an abuse of discretion to deny leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The Court is unaware of any basis for concluding that amendment would be futile, or otherwise inequitable. Although Defendants request that the Complaint be dismissed with prejudice, they have not presented any arguments that would justify the denial of leave to amend. Thus, the Court will dismiss the Complaint without prejudice, and with leave to amend the Complaint to address the deficiencies identified in this Memorandum Opinion.

---

[14] Although Plaintiff has not filed a motion to amend, the Court will construe the request in Plaintiff's Opposition to Defendant WOB's Motion to Dismiss as such a motion. *See Coastal Air Transport, Inc. v. Pickering*, Civil No. 2013-0089, 2016 U.S. Dist. LEXIS 159929, at *10 (D.V.I. Nov. 18, 2016) (construing a request to amend made in a response to a motion to dismiss as a motion for leave to amend).

## V.      CONCLUSION

For the reasons stated above, the Court will grant Defendant WOB's Motion to Dismiss except to the extent that it requests the dismissal of Plaintiff's claims with prejudice. Instead, the Court will grant Plaintiff leave to amend his Complaint.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 28, 2021                                    _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge