**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**
*******

| | | |
|---|---|---|
| **KEVONGH J. GRANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:19-cv-0025** |
| | ) | |
| **vs.** | ) | **(Removed from the Superior Court of the Virgin Islands Case No. SX-19-CV-151)** |
| | ) | |
| | ) | |
| **APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., WITT O'BRIEN'S, LLC, ODEBRECHT CONSTRUCTION, INC., NATHAN McCANN, ANDREW McCANN, JOHN DOES, JANE DOES, and UNKNOWN CORPORATIONS,** | ) | **ACTION FOR DAMAGES** |
| | ) | |
| **Defendants.** | ) | |

**KEVONGH GRANT DISCOVERY MEMORANDUM**

**COMES NOW Plaintiff,** Kevongh J. Grant, ("Grant") by and through his undersigned counsel hereby submits his Discovery Memorandum pursuant to LRCi 16.1 and states the following:

1. **Statement of Facts:**

Kevongh J. Grant, is the Plaintiff in the instant matter and has filed a First Amended Complaint against Defendants, Aptim Environmental and Infrastructure, Inc. ("Aptim") Witt O'Brien's LLC, ("WOB"), Odebrecht Construction Inc., ("OCI") and Nathan McCann, and Andrew McCann (collectively "McCanns").

As stated in the First Amended Complaint, Defendant WOB contracted the Defendant Aptim as a subcontractor to provide construction services in the construction of emergency and permanent homes in Territory as part of the rebuild.

The contract between Defendant WOB and Defendant Aptim provided for the hiring of employees to, *inter alia*, construct emergency and permanent homes during the rebuild.

Defendant Aptim, in carrying out its duties under the WOB and Aptim contract, employed Defendants McCann and, with knowledge, permitted Defendants McCann to operate OCI's unregistered and uninsured vehicle in the Territory as part of and in the scope of their employment.

Defendant OCI is the registered owner of the vehicle operated and used by Defendants McCann as part of and within the scope of their employment and in furtherance of the contract between Defendants WOB and Aptim.

Defendants McCann, with WOB's, Aptim's, and OCI's knowledge, operated and used Defendant OCI's vehicle as part of and in the course and scope of their employment with Defendant Aptim in carrying out the duties and responsibilities of WOB and Defendant Aptim.

Defendants McCann operated and used OCI unregistered and uninsured vehicle in a manner that was reckless, dangerous, and negligent when they overtook another vehicle, drove at a high rate of speed in the intersection on the public roadway, and collided into the vehicle operated by Plaintiff Grant, left the scene of the accident, and then left the Territory all together.

The Virgin Islands Police Department (the "VIPD") investigated the accident and concluded that Defendants McCann, who used and operated the vehicle as part of and within the scope of their employment and owned by Defendant OCI, failed to yield the right of way thereby causing an accident, left the scene of an accident after causing personal injury, operated a vehicle on the public roadway without proof of insurance and without proof of registration. As a result of the accident Plaintiff Grant sustained serious personal injuries to his body, mental anguish, pain and suffering, loss of potential work advancement, and property damages to his vehicle.

The Plaintiff Grant alleges that the Defendant McCanns caused him property damage, personal injury, lost wages, lost earning potential and income, mental anguish and pain and suffering. Plaintiff Grant further alleges that Defendants WOB, Aptim, and OCI were also all negligent and *per se* negligent thereby resulting in Plaintiff Grant's sustained injuries.

2. **Description of discovery conducted to date:**

Plaintiff Grant will complete and produce Rule 26 Initial Disclosures to Defendants who have been located and served shortly.

Plaintiff Grant will issue discovery to Defendants who have been located and served shortly.

3. **Discovery problems encountered to date:**

No discovery problems encountered to date.

4. **Plaintiff expected discovery needs:**

Plaintiff Grant will need to conduct written discovery and fact discovery of not only parties, but also of fact witnesses. Plaintiff Grant takes this opportunity to point out to the Court that Defendants McCann both left the Territory immediately after the accident, and as of the filing of this Discovery Memorandum, Plaintiff Grant has not been able to locate Defendants McCann which may necessitate the Court permitting the Plaintiff Grant to serve Defendants McCann by publication in the Territory.

5. **Estimated time to conduct discovery:**

Plaintiff Grant believes it will take up to six (6) months to complete discovery; to include depositions and document production.

6. **Issues regarding ESI:**

Plaintiff Grant does not anticipate any issues with ESI.

7. **Issues on privilege:**

Plaintiff Grant does not anticipate privilege or work product issues.

8. **Expert Testimony:**

Plaintiff Grant will require experts to give testimony on medical injuries, vocational rehabilitation, and economic and non-economic losses.

9. **Limitations on Discovery:**

Plaintiff Grant does not anticipate any limitations to be placed on discovery at this time.

10. **Statement on Resolution through Mediation:**

Plaintiff Grant believes that early mediation would be helpful once the parties have been able to begin discovery. Plaintiff Grant also believes that the opportunity to engage in mediation should remain open throughout the proceedings.

11. **Proposed deadlines for joinder, additional parties or amendments to pleadings and mediation conference:**

Plaintiff Grant believes that deadlines should be six (6) months from date of the Rule 16 conference.

12. **Statement on Estimate of trial time needed:**

Plaintiff Grant estimates that time needed for trial would be 3 to 4 days.

13. **Statement on establishing the Scheduling Order:**

Plaintiff Grant has no issues in establishing of the scheduling order between the parties.

14. **Statement on areas of disagreement between the parties:**

Currently, Plaintiff Grant has no knowledge of disagreements between the parties in any of the areas.

Respectfully Submitted,

Dated: November 3, 2021

Emile A. Henderson III, Esq.
Yvette D. Ross-Edwards, P.C.
613/39-A Prince Street
Suite 2
Frederiksted, St. Croix
U.S. Virgin Islands 00840

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 3rd day of November 2021, I electronically filed the foregoing Kevongh J. Grant's Discovery Memorandum pursuant to Rule LRCi 16.1 with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Adam G Christian, Esq.
Adam.christian@ogletreedeakins.com
Sofia L. Mitchell, Esq.
Sofia.mitchell@ogletreedeakins.com
1336 Beltjen Road, Suite 201
St. Thomas, V.I. 00802-4701

Alex M. Moskowitz, Esq.
Dudley Newman Feuerzeig, LLP
Law House, 1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, V.I. 00804-0756
amoskowitz@dnfvi.com