IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **KEVONGH J. GRANT,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:19-cv-00025 |
| | ) | |
| v. | ) | (Removed from the Superior |
| | ) | Court of the Virgin Islands |
| **APTIM ENVIRONMENTAL AND** | ) | Case No. SX-2019-CV-00151) |
| **INFRASTRUCTURE, INC., WITT O'BRIEN'S,** | ) | |
| **LLC, ODEBRECHT CONSTRUCTION, INC.,** | ) | **ACTION FOR DAMAGES** |
| **NATHAN McCANN, ANDREW McCANN,** | ) | |
| **JOHN DOES, JANE DOES, and UNKNOWN** | ) | |
| **CORPORATIONS,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DISCOVERY MEMORANDUM OF DEFENDANT WITT O'BRIEN'S, LLC

**COMES NOW** Defendant Witt O'Brien's, LLC ("WOB"), by and through its undersigned attorneys, and submits this discovery memorandum in accordance with the October 6, 2021 Order of this Court [Docket No. 41], Rule 26(f)(3) of the Federal Rules of Civil Procedure ("Federal Rules"), and Rule 16.1 of the Local Rules of Civil Procedure ("Local Rules").

1. **A brief statement of the facts underlying the claims or defenses in the action and of the legal issues in the case:**[1]

WOB is a foreign limited liability company which, pursuant to an agreement with Virgin Islands Public Finance Authority ("VIPFA"), is assisting the Government of the Virgin Islands ("GVI") with coordinating disaster recovery efforts with the Federal

---

[1] The facts recited herein are garnered from Plaintiff's First Amended Complaint. As set forth in Witt O'Brien's, LLC's Answer to First Amended Complaint ("WOB's Answer"), WOB denies that it is liable to Plaintiff for any damages whatsoever. Nothing stated herein shall be construed as altering or waiving WOB's Answer or any part thereof. Also, WOB has not completed its investigation of the facts in this case, has not had the opportunities to conduct discovery or fully analyze all matters related to this action, and has not completed preparation for trial. Accordingly, this statement is provided without prejudice to WOB's ability to offer such factual and legal arguments as it may later determine to be warranted, notwithstanding the brief statement furnished herein.

**Kevongh J. Grant v. Aptim Environmental and Infrastructure, Inc., et al.**
District Court Case No. 1:19-cv-00025
Discovery Memorandum of Defendant Witt O'Brien's, LLC
Page 2 of 5

Emergency Management Agency ("FEMA"). These disaster recovery efforts grow out the devastation inflicted on the U.S. Virgin Islands by Hurricanes Irma and Maria in September of 2017.

Plaintiff contends he was in an automobile collision on St. Croix on November 1, 2018.[2] According to Plaintiff, the accident was caused by the negligent and/or reckless conduct of Defendants Nathan McCann and Andrew McCann (collectively "McCanns"),[3] who were operating a vehicle registered to Defendant Odebrecht Construction, Inc. ("OCI").[4] Plaintiff alleges WOB is liable for his injuries and resulting damages based on various alleged agreements and relationships among the named business entities and other entities not a party to this litigation. However, many of the agreements and relationships Plaintiff alleges do not exist. WOB denies it harmed Plaintiff in any way, and further denies that it is liable to him at all.

2. **A description of all discovery conducted by the party to date:**

On November 2, 2021, Defendant Aptim Environmental and Infrastructure, Inc. ("APTIM") served its initial disclosures. On November 4, 2021, counsels for Plaintiff, APTIM, and WOB conferred telephonically about various discovery issues. To date, no other discovery has occurred. WOB will serve its initial disclosures on all appearing parties on November 9 or 10, 2021, and will file the appropriate notice with the Court.

3. **A description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems and the party's suggested resolution of the problems:**

WOB has not encountered any discovery problems to date.

---

[2] Plaintiff alleges this date in his initial complaint. Plaintiff does not allege a specific accident date in his First Amended Complaint.
[3] To date, Plaintiff has not served either of the McCanns with process.
[4] To date, Plaintiff has not served OCI with process.

Kevongh J. Grant v. Aptim Environmental and Infrastructure, Inc., et al.
District Court Case No. 1:19-cv-00025
Discovery Memorandum of Defendant Witt O'Brien's, LLC
Page 3 of 5

4. **A description of the party's further discovery needs, including any special needs (e.g., videotape, telephone depositions, or problems with off island witnesses or documents, etc.):**

WOB anticipates propounding written interrogatories, requests for production of documents, and/or requests for admissions to Plaintiff and APTIM. WOB also anticipates taking the oral depositions of Plaintiff, APTIM, and any witnesses identified via written discovery or other investigation. If other named defendants are served and appear in this action, WOB anticipates conducting similar written discovery and depositions as to those parties and additional witnesses. Due to the on-going Pandemic, economic costs, and other factors, WOB is aware potential issues may arise regarding off-island parties and/or witnesses. However, any such issues may be overcome or minimized using available technology.

5. **The party's estimate of the time needed to complete discovery:**

Counsel for WOB expects to participate in certain criminal jury trials in the District Court and Superior Court during 2022, as both Court emerge from COVID-19 closures. In consideration of counsel's obligations, WOB anticipates fact discovery will be completed in nine (9) months. This may change if additional parties are served and appear in this action.

6. **A statement regarding whether expert testimony will be necessary, and the party's anticipated schedule for retention of experts and submission of their reports:**

In light of Plaintiff's allegations, WOB anticipates a need for experts in the areas of medicine and economics. Additional experts may be required based on Plaintiff's retention of other experts or information obtained through fact discovery. Until Plaintiff responds to written discovery, WOB cannot estimate a schedule for retention of experts.

**Kevongh J. Grant v. Aptim Environmental and Infrastructure, Inc., et al.**
**District Court Case No. 1:19-cv-00025**
**Discovery Memorandum of Defendant Witt O'Brien's, LLC**
**Page 4 of 5**

7. **A statement regarding whether there should be any limitation placed upon use of any discovery device and if so, the reason the limitation is sought.**

WOB does not see a need for limits on any discovery devices other than those set forth in the Federal Rules and Local Rules. WOB reserves the right to submit appropriate motions requesting protective orders, confidentiality agreements, or other discovery device limitations should justifying circumstances arise.

8. **Electronically Stored Information:**

WOB does not anticipate any issues regarding Electronically Stored Information. WOB reserves the right to submit appropriate motions regarding Electronically Stored Information should justifying circumstances arise.

9. **Privilege issues:**

WOB does not anticipate any issues regarding attorney-client, attorney work product, trial preparation, or other recognized privileges. WOB reserves the right to submit appropriate motions regarding privileges should justifying circumstances arise.

10. **Mediation:**

WOB believes mediation is appropriate, but may not be beneficial until after the parties complete written fact discovery.

11. **Joinder of parties, amendments to pleadings, and first mediation conference:**

Absent good cause for an extension, WOB submits all motions to join additional parties or amend the pleadings should be filed within four (4) months of the November 10, 2021 discovery conference. WOB submits the first mediation session should occur within forty-five (45) after the parties complete written fact discovery.

Kevongh J. Grant v. Aptim Environmental and Infrastructure, Inc., et al.
District Court Case No. 1:19-cv-00025
Discovery Memorandum of Defendant Witt O'Brien's, LLC
Page 5 of 5

12. **Estimated time for trial:**

At this time, WOB submits the trial of this case, if any, will take 3-4 days, excluding jury selection. WOB reserves the right modify this estimate based on information gleaned from discovery and the results of motion practice.

13. **Areas of the Parties' disagreement:**

None at this time. WOB reserves the right to submit appropriate motions regarding any litigation disagreements among the parties should justifying circumstances arise.

14. **Any other relevant or helpful issues:**

On November 2, 2021, APTIM filed its corporate disclosure statement. WOB's parent company underwent a corporate change since this case was filed and counsel anticipates filing WOB's corporate disclosure statement within fourteen (14) days.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

DATED: November 9, 2021

By: _____/s/ Adam G. Christian_____
Adam G. Christian
V.I. Bar No. 441
The Tunick Bldg., Suite 201
1336 Beltjen Road, Suite 201
St. Thomas, VI 00802-4701
Telephone: (340) 714-1235
Facsimile: (340) 714-1245
Email: adam.christian@ogletree.com

*Attorneys for Defendant Witt O'Brien's, LLC*