IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KEVONGH J. GRANT,<br><br>       Plaintiff,<br>v.<br><br>APTIM ENVIRONMENTAL AND INFRASTRUCTURE, INC., WITT O'BRIEN'S, LLC, ODEBRECHT CONSTRUCTION, INC., NATHAN McCANN, ANDRES McCANN, JOHN DOES, JANE DOES AND UNKNOWN CORPORATIONS<br><br>       Defendants. | Case. No. 1:19-CV-0025 |

**STATEMENT OF UNDISPUTED FACTS**

Defendant APTIM Environmental and Infrastructure, Inc. ("APTIM"), by and through its undersigned counsel, Dudley Newman Feuerzeig LLP, and files its instant Statement of Undisputed Facts and attached exhibits pursuant to LRCi 56.1(a), in support of its Motion for Summary Judgment and Memorandum of Law of even date. APTIM hereby asserts that the following facts, supported by the record in this case, are not subject genuine dispute:

1. On September 21, 2018, APTIM contracted with the Virgin Islands Housing Finance Authority (VIHFA) to perform work related to the Emergency Home Repairs V.I. ("EHRVI") program in furtherance of the Territory's recovery from Hurricanes Irma and Maria. *See* **Exhibit 1,** Bates Nos. APTIM001-APTIM00181 (the "Prime Contract").

2. At the time the Prime Contract was executed, APTIM held valid business licenses covering the work it contracted to perform and was therefore a corporation in good standing with the Lieutenant Governor's Office. *See* **Exhibit 2,** Bates Nos. APTIM-00182-APTIM00187.

3. In furtherance of its duties under the Prime Contract, APTIM subcontracted with various subcontractors, including Patriot Response Group, LLC ("Patriot") and Navigation Construction, LLC ("Navigation"). *See* **Exhibit 3**, at 11-13, APTIM's Response to

Plaintiff's Interrogatories; *see also* **Exhibit 4**, APTIM00196-APTIM00206, Subcontract between APTIM and Navigation.

4. On October 11, 2018, APTIM and Navigation Construction LLC executed a subcontract agreement for Navigation to perform work in furtherance of the Prime Contract between APTIM and VIHFA (the "Subcontract"). Exhibit 4, APTIM00196-APTIM00206.

5. The Subcontract referred to Navigation as "CONTRACTOR" and APTIM as "APTIM." Exhibit 4, APTIM00196.

6. The Subcontract specifically provides, "It is expressly understood that CONTRACTOR is an independent CONTRACTOR and that neither it nor its employees or subcontractors or their respective employees are servants, agents or employees of APTIM[.]" Exhibit 4, APTIM00198.

7. The Subcontract further provides, "The actual performance and superintendence of all work hereunder shall be by CONTRACTOR and under the control and direction of CONTRACTOR as to the details of the work; provided, however, APTIM, being interested in the results to be obtained, is authorized to designate a representative or representatives, who shall at all times have access to the location where the work is to be performed for the purposes of observing and inspecting same, and providing further that such work shall be performed in accordance with this Agreement." Exhibit 4, APTIM00198.

8. Andrew McCann and Nathan McCann were employed by Patriot until their termination on October 16, 2018. Exhibit 3, at 18.

9. Andrew McCann and Nathan McCann were later rehired by Navigation on or about October 30, 2018. Exhibit 3, at 18.

10. The vehicle accident giving rise to this action (the "Accident") occurred on November 1, 2018 at roughly 1:00 A.M. near Cool Out Bar in St. Croix, U.S.V.I. *See* **Exhibit 5,** at 1, Police Report.

11. One of the vehicles involved in the Accident was operated by Plaintiff and owned by his father. *See* Exhibit 5, at 7; **Exhibit 10,** at 19, Plaintiff's Answers to APTIM's Interrogatories ("I was driving my father's vehicle, which was insured.").

12. At the time of the Accident, the second vehicle involved in the Accident contained identification badges that were created by APTIM as part of the EHRVI program bearing

the names Andrew McCann and Nathan McCann, but neither McCann was identified at the scene of the accident. *See* Exhibit 5, at 7.

13. The police report states that the second vehicle, alleged to be operated by Andrew McCann or Nathan McCann, was registered with Odebrecht Construction Inc. *See* Exhibit 5, at 7.

14. APTIM has no knowledge, ownership, or right to possession of the vehicle allegedly operated by Andrew or Nathan McCann that was allegedly involved in the accident with plaintiff. *See*, Exhibit 3 at Interrogatories 9-12; and Affidavit of Lee Dixon at paragraphs 9-13 annexed hereto as **Exhibit 11**.

15. There is no evidence in the record that Andrew McCann or Nathan McCann were driving any vehicle involved in the Accident at issue herein.

16. APTIM issued identification badges for all APTIM employees, subcontractors, contractors of subcontractors, and employees of subcontractors bearing standardized identification codes which indicated the individual's names, identification number, and the entity that employed each individual. These identification badges also bore APTIM's name as the Prime Contractor, as well as the VIHFA's name as the principal and the title and website for the EHRVI program. *See* **Exhibit 6**, Bates Nos. APTIM00189-APTIM00193; Exhibit 6, Bates No. APTIM00189, at ¶ 4 (describing the "nomenclature protocol" for badges); *see also* **Exhibit 7,** at 4, APTIM's Responses to Plaintiff's Requests for Admission.

17. Every EHRVI badge, regardless of the individual's employment, bore the names "VIHFA," "APTIM," and an identification number. *See* Exhibit 6, Bates Nos. APTIM00189-APTIM00193; Exhibit 6, Bates No. APTIM00189, at ¶ 4 (describing the "nomenclature protocol" for badges).

18. Badge identification numbers following the format "NA 10001" *et seq*. indicated that the employee bearing the badge was employed by Navigation Construction, LLC. Exhibit 6, Bates No. APTIM00191.

19. Badge identification numbers following the format "APTIM 000" through "APTIM 499" indicated that the employee bearing the badge was employed by APTIM on St. Croix. Exhibit 6, Bates No. APTIM00191.

20. Badge identification numbers following the format "APTIM 500" through "APTIM 999" indicated that the employee bearing the badge was employed by APTIM on St. Thomas. Exhibit 6, Bates No. APTIM00191.

21. Defendant Andrew McCann's identification badge bore the ID number "NA 10062". **Exhibit 8**, Bates No. APTIM00195, Andrew McCann's Identification Badge.

22. Defendant Nathan McCann's identification badge bore the ID number "NA 10063". **Exhibit 9**, Bates No. APTIM00194, Nathan McCann's Identification Badge.

23. Defendants Nathan McCann and Andrew McCann's badges therefore indicate that they were employed by Navigation Construction, LLC. Exhibit 6, Bates No. APTIM00191; *see also* Affidavit of Amanda Fleig at paragraphs 9-11 annexed hereto as **Exhibit 12**.

24. At the time of the accident, Nathan McCann and Andrew McCann were employed by Navigation Construction, LLC. *Id; see* Exhibit 6, Bates No. APTIM00191, APTIM000194-APTIM00195; Exhibit 3, at 18; *see also* Exhibit 10, at 8 (". . . including Navigation Construction, where the McCanns worked").

25. Andrew McCann and Nathan McCann's employment with Navigation was pursuant to the express provision that Navigation employees were not servants, agents, or employees of APTIM. Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8 (". . . including Navigation Construction, where the McCanns worked").

26. No evidence on this record exists to indicate that Nathan McCann or Andrew McCann were direct employees, servants, or agents of APTIM.

27. At no time did APTIM directly employ or have control over or an agency relationship with Defendants Nathan McCann or Andrew McCann. *See* Affidavit of David Orphey at paragraphs 10-12 annexed hereto as **Exhibit 13**; *see* Exhibit 3, at 11-13, 16-19; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195.

28. Aptim did not provide Nathan McCann or Andrew McCann with a vehicle at any time. *See*, Exhibit 13 at paragraph 13.

29. No work was assigned to either Patriot or Navigation between 6:00 p.m. on October 31, 2018 and 6:00 a.m. on November 1, 2018. *Id* at paragraph 9; *see also* Deposition on Donald

Janz at pages 13, 19, 24-25, and 27 annexed hereto as **Exhibit 14**.

Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED:** February 24, 2023   By: */s/ Alex M. Moskowitz*
**ALEX M. MOSKOWITZ** (V.I. Bar No. 1072)
**CRAIG M. O'SHEA** (V.I. Bar No. R2072)
LAW HOUSE
1000 Frederiksberg Gade
St. Thomas, VI 00802
Telephone:   (340) 774-4422
E-Mail:   amoskowitz@DNFvi.com
E-Mail:   coshea@DNFvi.com

*ATTORNEYS FOR DEFENDANT APTIM*