IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| KEVONGH J. GRANT )<br>   Plaintiff, )<br>v. )<br> )<br>APTIM ENVIRONMENTAL AND )<br>INFRASTRUCTURE, INC., WITT O'BRIEN'S, LLC, )<br>ODEBRECHT CONSTRUCTION, INC., NATHAN )<br>McCANN, ANDRES McCANN, JOHN DOES, JANE )<br>DOES AND UNKNOWN CORPORATIONS )<br>   Defendants. ) | Case. N0. 1:19-CV-0025 |

**MEMORANDUM OF LAW IN SUPPORT OF
APTIM'S MOTION FOR SUMMARY JUDGMENT**

  Defendant APTIM Environmental and Infrastructure, LLC (f/k/a APTIM Environmental and Infrastructure, Inc.) ("APTIM"), by and through its undersigned counsel Dudley Newman Feuerzeig LLP, and files its instant Memorandum of Law in support of its Motion for Summary Judgment of even date. For the reasons set forth herein, APTIM respectfully requests that the Court grant summary judgment in APTIM's favor and dismiss all counts against it with prejudice.

### I. BACKGROUND[1]

  This matter stems from a November 1, 2018 motor vehicle accident that occurred at roughly 1:00 A.M. in the vicinity of Cool Out Bar in Peter's Rest, St. Croix, U.S. Virgin Islands (the "Accident"). The Accident was between Plaintiff and a second vehicle that, when police arrived, had no occupants. Upon searching the second vehicle, police discovered two identification badges bearing the names and photographs of Andrew and Nathan McCann (the "McCanns" or the "McCann defendants"), along with the names "APTIM" and "VIHFA." Those identification badges also bore the identification numbers "NA 10062" and NA 10063," respectively, indicating that the McCanns worked for Navigation Construction, LLC ("Navigation").

  APTIM was a prime contractor retained by the Virgin Islands Housing Finance Authority ("VIHFA") to perform work for the Emergency Home Repairs V.I. ("EHRVI") program in furtherance of the Territory's recovery from Hurricanes Irma and Maria. Navigation was a first-

---

[1] APTIM incorporates its Statement of Undisputed Facts, filed contemporaneously with this Memorandum of Law pursuant to LRCi 56.1(a), as if fully set forth herein. APTIM will therefore provide more general background and rely on the citations to the record and numbered exhibits provided in its Statement of Undisputed Facts throughout this Memorandum of Law

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 2 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 2 of 18

tier subcontractor of APTIM for a portion of the EHRVI work. The subcontract between APTIM and Navigation specifically provided that Navigation's employees were under the sole control and direction of Navigation, and neither Navigation nor its employees were servants, agents, or employees of APTIM. Navigation hired Andrew and Nathan McCann on or about October 30, 2018. Shortly after beginning their employment with Navigation, the McCanns were supposedly involved in a motor vehicle accident and 1:00 a.m. on Halloween night, causing Plaintiff's injuries. At the time of the accident, according to the police report the McCanns were driving a vehicle registered to Odebrecht Construction[2].

On May 24, 2019, Plaintiff filed suit in this matter. On July 30, 2021, Plaintiff filed its First Amended Complaint. On April 28, 2022, Plaintiff stipulated to the dismissal of Odebrecht Construction. On May 28, 2022, each of Plaintiff's claims against Defendant Witt O'Brien were dismissed. In the time that this case has been pending, Plaintiff has not produced any evidence to justify APTIM's involvement in this case, much less any evidence to establish any liability APTIM could have for the accident at issue. As a matter of law, APTIM cannot be liable for the acts of persons it never employed and did not direct or control, in a vehicle it did not own or possess, for an accident that occurred at 1 a.m., in a location totally unrelated to the work Aptim was performing under the EHRVI program. On that basis, APTIM's motion for summary judgment should be granted.

## II. LEGAL STANDARD

A party may move for summary judgment at any time until thirty days after the close of all discovery, and the Court "shall grant" the same "if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a – b). The moving party must bear "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted). In the alternative, the movant may discharge its initial

---

[2] Odebrecht was a named defendant in this matter but was dismissed on or about April 28, 2022 when plaintiff determined that Odebrecht had no ownership interest in the vehicle involved in the accident at issue. There is no evidence establishing the ownership of this vehicle and APTIM has testified that it did not own or possess the vehicle either.

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 3 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 3 of 18

burden by "showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see* Fed. R. Civ. P. 56(c)(1)(B) ("a party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing . . . that an adverse party cannot produce admissible evidence to support the fact.").

Once the movant has satisfied its initial obligation, whether by demonstrating the absence of a genuine issue of material fact or the absence of evidence supporting the nonmovant's case, the burden shifts to "the nonmovant to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there *is* a genuine issue for trial." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Celotex*, 477 U.S. at 324) (emphasis added) (internal quotation marks omitted). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party" to demonstrate a genuine dispute of material fact. *Celotex*, 477 U.S. at 324. Actual evidence is required, "[b]are assertions, conclusory allegations, or suspicions will not suffice." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (internal citations omitted).

Ultimately, once the moving party has satisfied its initial burden, the nonmovant must present evidence to establish a genuine dispute, rather than merely "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party, but [c]onversely, where a non-moving party fails to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Jutrowski*, 904 F.3d at 289 (internal citations and quotations omitted). In reviewing the evidence presented by both the moving and non-moving parties, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Daubert*, 861 F.3d at 388-89 (citing *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017)).

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 4 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 4 of 18

### III. DISCUSSION

Plaintiff's Amended Complaint alleges nine causes of action, seven of which are aimed at APTIM: Count 2 alleging negligent hiring and retention; Count 3 alleging "agency," which appears to be vicarious liability; Count 4 alleging negligent entrustment; Count 5 alleging "property damage;" Count 7 alleging negligence per se; Count 8 alleging negligent infliction of emotional distress; and Count 9 alleging gross negligence.

Each of these claims, to the extent that they are alleged against APTIM, depend on an employee-employer relationship between APTIM and the individual defendants. *See* ECF No. 32, at ¶¶ 36-40, 47, 56-58, 65, 74, 81, 87. It is precisely for this reason that Plaintiff's claims fail. As discussed more fully below, the individual defendants *were never* employees or agents of APTIM. The record contains uncontradicted evidence of these facts and Plaintiff cannot present any evidence to the contrary.

APTIM will first address the address Plaintiff's agency claim, demonstrating that there existed no relationship between APTIM and the individual defendants that could give rise to vicarious liability and that there is no genuine issue of material fact as to that issue. APTIM will then address how this undisputed fact applies to the remaining counts levied against it in turn. Once it is established that there is no genuine dispute of material fact regarding the lack of any principal/agent relationship between the McCann defendants and APTIM, the remaining theories of liability find no foundation in law or fact. For the reasons set forth below, APTIM respectfully requests that the Court find that there is no genuine dispute of material fact, that Plaintiff can present no evidence demonstrating an agency relationship between APTIM and the McCann defendants, and grant summary judgment in this matter.

**A. <u>APTIM and the McCann defendants had no relationship to create vicarious liability</u>.**

"The Virgin Islands recognizes the imposition of vicarious liability against employers for torts committed by their employees within the scope of their employment." *Illaraza v. HOVENSA, LLC*, 73 F. Supp. 3d 588, 606 (D.V.I. 2014) (collecting cases). The precise elements of vicarious liability in the Virgin Islands are derived from the Second Restatement of Agency § 219, adopted by the Superior Court of the Virgin Islands upon performing a thorough *Banks* analysis. *See Nicholas v. Damian-Rojas*, 62 V.I. 123, 132 (Super. Ct. 2015) (collecting cases).

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 5 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
*Civil No. 2019-025*
*Page 5 of 18*

Section 219 provides the general rule that, "[a] master is subject to liability for the torts of his servants committed while acting in the scope of their employment." RESTATEMENT (SECOND) OF AGENCY § 219(1) (1958). However, conversely:

> (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
> (a) the master intended the conduct or the consequences, or
> (b) the master was negligent or reckless, or
> (c) the conduct violated a non-delegable duty of the master, or
> (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.

*Id.* at § 219(2).

The Superior Court has since expanded on these elements and adopted the relevant definitions for the Restatement's elements:

> [D]efin[ing] "agent" as "a person authorized by another to act on his account and under his control", "principal" as "a person who has authorized another to act on his account and subject to his control", "servant" as "an agent employed by a master" (i.e., an employee) and "master" as "a principal who employs an agent to perform services" (i.e., an employer). "[M]aster" is "not used in contrast to the word 'principal,' but is included within it" and "[t]he word 'principal,' therefore, includes both persons who are masters and persons who are principals but not masters." Accordingly, an employer is a type of principal, and all employers are principals. Further, comment d. to § 1(2) indicates that a business owner is a principal of his or her business.

*Clendinen-Phipps v. Caribbean Leasing & Eco Transportation, Inc.*, 71 V.I. 193, 199 (Super. Ct. 2019) (citing RESTATEMENT (SECOND) OF AGENCY §§ 1-2) (internal footnotes and citations omitted).

The *Nicholas* Court performed a *Banks* analysis, finding that these instances create a rebuttable presumption, where "proof of a defendant's ownership of a vehicle and of its operation at the time of the accident by an agent of the defendant creates a presumption that the driver was acting within the scope of employment." *Nicholas v. Damian-Rojas*, 62 V.I. 123, 129-31 (Super. Ct. 2015) (adopting the "*Pacheco* presumption"); *see also Pacheco v. United States*, 409 F.2d 1234, 1237-38 (3d Cir. 1969). As to the effect of the presumption, the *Nicholas* Court adopted "the

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 6 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 6 of 18

Morgan theory," which holds that "both the burden of production and the burden of persuasion shift to the party against whom the presumption operates." *Id.* at 133.

Thus, under Virgin Islands law:

> "[A]n employer is vicariously liable for an employee's conduct within the scope of employment, and if outside the scope of employment, only if the employer intended the conduct or the consequences, was negligent or reckless, the conduct violated a non-delegable duty of the employer, the employee purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or the employee was aided in accomplishing the tort by the existence of the agency relation."

*Clendenin-Phipps*, 71 V.I. at 200.

If a plaintiff demonstrates that a defendant owns the vehicle operated by its employee at the time of an accident, a rebuttable presumption is created that "the employee was acting within the scope of employment at the time of the accident." *Id.* Upon a plaintiff discharging the initial burden of demonstrating that the individual was both operating a vehicle owned by the defendant and employed by the defendant, "both the burden of production and the burden of persuasion shift to the party against whom [the] presumption operates." *Id.*

This is precisely where Plaintiff's case fails. Here, there is no evidence of any agency relationship between APTIM and the McCann defendants. Indeed, the only evidence Plaintiff could possibly offer is the existence of identification badges in the McCann defendants' names, bearing APTIM's name as well, that were found in the vehicle after the accident. *See* Exhibit 5, at 7. However, inferring that APTIM employed the McCann defendants based solely upon the identification badges requires Plaintiff to willfully ignore the other evidence on this record. The identification badges further bore the name "VIHFA," as well as an alphanumeric identification code that showed who were the McCann defendants' actual employer. *See* Exhibit 8; Exhibit 9. Andrew McCann's identification badge bore the identification code "NA 10062," and Nathan McCann's identification badge bore the identification code "NA 10063." *Id.*

These numbers, and the corresponding employer code "NA," clearly indicate that the McCann defendants were employed by Navigation Construction, LLC. Exhibit 6, APTIM00189-APTIM00193. Accordingly, the simple fact that badges *also* bore the names "APTIM" and "VIHFA" is no more indicative of the fact that the McCann defendants were agents of APTIM or

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 7 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 7 of 18

VIHFA than possessing an American Express credit card makes them agents of American Express. Plaintiffs simply cannot produce any actual evidence to the contrary, as there isn't any, and instead only rely on conjecture and speculation.

This is reinforced by the express provisions of the Subcontract governing APTIM and Navigation's relationship. The Subcontract specifically provided, "It is expressly understood that CONTRACTOR is an independent CONTRACTOR and that neither it nor its employees or subcontractors or their respective employees are servants, agents or employees of APTIM[.]" Exhibit 4, APTIM00198. This is further reinforced by the uncontradicted interrogatory responses of APTIM, demonstrating repeatedly that at no time were Andrew and Nathan McCann employees, servants, or agents of APTIM. *See* Exhibit 3, at 11-13, 16-19; Exhibit 12 at paragraphs 9-11; and Exhibit 13 at paragraphs 10-12.

In *Carty v. Hess Oil Virgin Islands Corp.*, the Appellate Division of this Court examined whether Hess Oil Virgin Islands Corporation ("HOVIC") could be liable for an injury suffered by plaintiff James Carty, who was employed by Industrial Maintenance Corporation ("IMC"), an independent contractor of HOVIC. 42 V.I. 125, 126 (D.V.I. App. Div. 1999). This case gave rise to a stronger inference of liability against HOVIC because Carty's injury occurred on HOVIC's premises during work hours. *See id.* Nevertheless, the Court noted that "[t]here must be such a retention of a right of supervision that the (independent contractor) is not entirely free to do the work in his own way." *Id.* at 131 (quoting Restatement 2d (Torts) § 414, cmt. C (1965)). Ultimately, this Court reversed the territorial court's grant of summary judgment on the grounds that Carty had presented actual evidence demonstrating HOVIC's control over IMC's employees. *Id.* at 131-33.

This is not the case here. In this matter, Plaintiff has produced no evidence demonstrating APTIM's control over Navigation's employees, whether on duty or at 1:00 A.M. near Cool Out Bar where the accident occurred. *See* Exhibit 5. This is because no such evidence exists. Not only has an agency relationship between APTIM and Navigation's employees been specifically precluded by contract, but the contract further specifies that all work performed under the Subcontract is performed under the sole control and direction of Navigation. Exhibit 4, APTIM00198. APTIM's only authorized involvement in Navigation's work was observation and inspection. *Id.* Indeed, the Virgin Islands Supreme Court has held that in order for APTIM to face

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 8 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 8 of 18

any liability for the actions of its independent contractors, APTIM "must have retained at least some degree of control over the manner in which the work is done. It is not enough that he merely has a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations." *Joseph v. Hess Oil Virgin Islands Corp.*, 54 V.I. 657, 666 (V.I. 2011).

Accordingly, there is no dispute of fact that APTIM exercised no control over Navigation's work and had no principal/agent relationship with Navigation's employees. *See* Exhibit 13 at paragraphs 10-12; *see also Hood v. Hess Oil Virgin Islands Corp.*, 650 F. Supp. 678, 681 (D.V.I. 1986) (holding that to survive defendant HOVIC's summary judgment motion, plaintiff was required to produce evidence that HOVIC could order the employees of its independent contractor to perform work in a certain way, but plaintiff failed to meet his burden and, consequently, HOVIC was entitled to summary judgment on the issue of its liability).

Further, there is no connection between the vehicle allegedly operated by the McCann defendants' and APTIM. Indeed, the uncontradicted testimony and evidence is that Aptim has and had no ownership interest, possession, or control over the vehicle the McCann defendants were allegedly driving that was involved in the accident at issue herein. *See*, Exhibit 11 at paragraphs 9-13. The only record of the vehicle's ownership is the police report, which states that the vehicle was registered to Odebrecht Construction Inc. *See* Exhibit 5, at 7.

Nevertheless, regardless of whether the Court considers the police report, there is no evidence that APTIM owned the vehicle in question. The only evidence Plaintiff *can* present demonstrates that it is owned by Odebrecht Construction Inc. Therefore, the *Pacheco* presumption discussed above does not attach. Not only is there no evidence that Andrew or Nathan McCann were ever agents, servants, or employees of APTIM, but there is also no evidence connecting APTIM to the vehicle the McCanns were allegedly operating, and thus no presumption that they were acting in the scope of their employment with Navigation.

Even if, *arguendo*, the McCanns *were* employees of APTIM, which they were not, Plaintiff's claims would still fail. There is simply no evidence that Plaintiff can present that would show that the McCanns were acting within the scope of their employment when operating a motor vehicle at roughly 1:00 A.M on Halloween night. *See Cintron v. Polston*, 62 V.I. 144, 149-50 (V.I.

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 9 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
*Civil No. 2019-025*
*Page 9 of 18*

Super. 2015) ("To determine whether an employee acted in the course and scope of his employment, courts determine whether ... the employee's tort encompasses the type of action the employee was hired to perform ... and whether the act occurs substantially within the authorized time and space limits." (internal citations and quotations omitted)). Accordingly, even if Plaintiff were somehow able to present evidence that an agency relationship existed between APTIM and the McCanns, which it cannot, Plaintiff still would not be able to attach vicarious liability on APTIM as there is no evidence that the McCanns were acting within the scope of their employment with Navigation while driving at 1:00 a.m.

In fact, the undisputed evidence and testimony clearly establish that the work performed under the EHRVI program occurred between at earliest 6:00 a.m. and at latest 7:00 p.m. *See*, Exhibit 14. That no work was assigned to Navigation on October 31, 2018 from 6 p.m. to midnight and November 1, 2018 from midnight to 6 a.m., *See*, Exhibit 13 at paragraph 9, and that there were no 24-hours shifts, *See*, Exhibit 14 at page 19.

For these reasons, APTIM respectfully requests that the Court grant summary judgment as to Plaintiff's "agency" count in light of the complete lack of evidence to establish any agency relationship between APTIM and the McCann defendants. Further, APTIM respectfully requests that the Court find that, absent any agency relationship, APTIM cannot be held liable for Defendant's acts in the remaining counts set forth by Plaintiff. The analysis of these counts will be set forth more fully below.

### B. **APTIM is entitled to summary judgment on Plaintiff's negligent hiring and retention count because APTIM neither hired nor retained the McCanns.**

In its May 28, 2021 Memorandum Opinion in this case, the Court determined that that to succeed on a claim of negligent hiring and retention, a Plaintiff must show:

> (1) the existence of an employment relationship;
> (2) the employee's incompetence;
> (3) the employer's actual or constructive knowledge of such incompetence;
> (4) the employee's act or omission causing plaintiffs [sic] injuries; and
> (5) the employer's negligence in hiring or retaining the employee was the proximate cause of the plaintiff's injuries.

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 10 of 18

*Grant v. APTIM Environmental and Infrastructure, Inc., et al.*, Case No. 1:19-cv-0025, 2021 WL 2188570, at *2 (May 28, 2021) (citing *Bell v. Radcliffe*, No. ST-13-CV-392, 2015 WL 5773561, at *11 (V.I. Super. Ct. Apr. 30, 2015)).

  Plaintiff's claims against APTIM quickly fail. As discussed above, there is no evidence of an employment relationship between APTIM and the McCann defendants. To the contrary, there is uncontradicted evidence that the McCann's were employed by Navigation and that Navigation employees were expressly, per the terms of the contract, not agents, servants, or employees of APTIM. Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8. Therefore, there is no genuine dispute of material fact that APTIM and the McCann defendants had no employment relationship, and Plaintiff can produce no evidence to the contrary.

  Further, even if, *arguendo*, there was such an employment relationship, which there is not, Plaintiff can present no evidence to demonstrate that the McCann defendants were acting within the scope of their employment, and it is well-settled that an action for negligent hiring or retention pertains to the incompetence of the individual *at their employment*, not in their free time. Indeed, the Sixth Circuit has long held that an employer cannot be held liable on the theory of an employee's "incompetence unless it is established that [the employer] either knew, or by the exercise of reasonable care might have ascertained, that [the employee] was not properly qualified *to undertake the work.*" *Mooney v. Stainless, Inc.*, 338 F.2d 127, 131 (6th Cir. 1964) (emphasis added). "The fact that [the employee] was guilty of a negligent act causing the death of plaintiff's husband raise[d] no presumption that [the employer] was negligent in selecting him as a contractor." *Id.* (citing, *e.g., Matanuska Electric Ass'n, Inc. v. Johnson*, 386 P.2d 698 (Alaska 1963)).

  Here, there is no evidence that the McCann defendants were incompetent *at their work*, there is no evidence that the McCanns were acting in the scope of their employment at the time of the Accident, and there is no evidence that the McCann defendants had any employment relationship whatsoever with APTIM. Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8. For these reasons, APTIM respectfully requests that the Court grant summary judgment on Plaintiff's negligent hiring and retention count.

Case: 1:19-cv-00025-WAL-RM Document #: 161 Filed: 02/24/23 Page 11 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
*Civil No. 2019-025*
*Page 11 of 18*

### C. **APTIM is not liable to Plaintiff for negligent entrustment because APTIM made no entrustment to the McCann defendants.**

To prevail on a claim of negligent entrustment, Plaintiff:

> "must establish (1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver; and (3) that the driver was negligent on the occasion in question; and (4) that the driver's negligence was the proximate cause of the accident. Additionally, [P]laintiff must show that [Defendant] had actually knowledge of a pattern of reckless driving or facts from which such knowledge could reasonably be inferred."

*Canegata v. Randall*, 1993 WL 837906, at *4 (D.V.I. June 16, 1993). This four-part test for negligent entrustment as articulated in *Canegata* has been expressly adopted by the Superior Court through a proper *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011) analysis. *Nicholas v. Damian-Rojas*, 62 V.I. 123, 139 n.23 (V.I. Super. 2015).

However, there is no evidence that APTIM made any "entrustment of the vehicle" to the McCanns whatsoever. *Canegata*, 1993 WL 837906, at *4. In fact, the only evidence on this record regarding this claim is that the vehicle was registered to Odebrecht Construction, that the McCanns were employed by Navigation, and that APTIM held no right to exercise control over the McCanns. Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 5, at 7; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8; Exhibit 11; and Exhibit 14.

Courts nationwide have long "emphasized the narrow nature of negligent entrustment liability, reasoning '[i]ts application has, therefore, been held limited to situations where the owner had knowledge that the driver did not know how to drive.'" *Amparan v. Demir*, 234 F. Supp. 3d 1110, 1118 (D.N.M. 2017) (quoting *Drummond v. Walker*, 643 F. Supp. 190, 191 (D.D.C. 1986)). The *Amparan* case was predicated on a theory of "successive, multiple entrustments," with Plaintiff Amparan theorizing that that the original rental car agency ("Lake Powell") should be held liable for a rental vehicle rented to two customers (Mr. Tacir and Mr. Karadeniz), who then permitted another individual to drive it (Mr. Demir), who subsequently caused an accident. *See id*. However, just as in the Virgin Islands, "New Mexico law does not recognize a cause of action for negligent entrustment based on multiple, successive entrustments." *Id.* at 1119.

The *Amparan* Court ultimately dismissed the matter against Lake Powell because there was no basis to show that "Lake Powell knew or should have known Mr. Demir was incompetent

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 12 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 12 of 18

to drive," and moreover, by attempting to graft liability for successive, multiple entrustments, the plaintiffs "ask this Court to make drastic leaps in connecting Mr. Karadeniz's rental to Mr. Demir's alleged causation of the car accident," and "conflate the issues and impose their own standards onto the narrow and well-established common law tort." *Id.* at 1125. The *Amparan* Court further noted that the circumstances in *Drummond* were "nearly analogous to [that] case and show[] the attenuated nature of plaintiffs' negligent entrustment claim, and why it must fail." *Id.* at 1118.

In *Drummond v. Walker*, defendant Americar rented a vehicle to defendant Charlene Walker, who then permitted defendant Kenneth Scott to drive the vehicle. 643 F. Supp. at 190-91. Scott subsequently caused an accident with plaintiff Drummond, and Drummond then filed suit against the three defendants, including a theory of negligent entrustment against Americar. Demonstrating more culpability than the instant case, defendant Americar had knowledge that Scott would be operating the vehicle. Nevertheless, the *Drummond* court dismissed the action against Americar, holding:

> In order for defendant Americar to be liable for negligent entrustment it would have to be established that defendant Scott belonged 'to a class which is notoriously incompetent to use chattel safely' and that his incompetency was the proximate cause of plaintiff's injury. None of the facts presented by plaintiff, even if known by Americar, would indicate that Scott belonged to a notoriously incompetent class.

*Drummond*, 643 F. Supp. at 192 (quoting *Laughlin v. Rose*, 200 Va. 217, 104 S.E.2d 782 (1958)).

Here, the only evidence is that the vehicle was owned by Odebrecht Construction, that Navigation was a subcontractor of APTIM, and that the McCanns were employees of Navigation. Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 5, at 7; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8. Thus, to even state a claim for negligent entrustment, Plaintiff would need to show that Odebrecht entrusted the vehicle to APTIM, who entrusted the vehicle to Navigation (knowing that Navigation would entrust the vehicle to an incompetent driver), who then entrusted the vehicle to the McCanns, despite knowing that the McCanns were incompetent drivers. There is simply no evidence on this record to indicate such a chain.

While *Amparan* is more analogous to the current circumstances in that, for Plaintiff to succeed, he must show multiple, successive bailments unknown to the original bailor, *Drummond* still sheds light on the fact that, even if APTIM had directly entrusted a vehicle to the McCanns,

Case: 1:19-cv-00025-WAL-RM Document #: 161 Filed: 02/24/23 Page 13 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 13 of 18

which it did not, Plaintiff would still need to show that APTIM *actually* knew or should have known that the McCanns were of a class that was "notoriously incompetent" to drive safely.

In order to assign liability to APTIM, however, not only requires evidence that APTIM actually had the vehicle within its control, but that it chose, despite actual or constructive knowledge, to entrust the vehicle to Navigation, who it knew would then entrust the vehicle to a known incompetent driver. Simply, Plaintiff seeks to have the Court ignore the excessive attenuation and assign liability-by-proxy to APTIM, who had no interaction with, much less entrusted a vehicle to, the McCanns.

It is important to reiterate that, just as the *Amparan* Court noted in New Mexico, the Virgin Islands "does not recognize a cause of action for negligent entrustment based on multiple, successive entrustments." *Amparan*, 234 F. Supp. 3d at 1119. By attempting to assign negligent entrustment liability to APTIM for an entrustment it had nothing to do with, Plaintiff similarly attempts to "conflate the issues and impose their own standards onto the narrow and well-established common law tort" of negligent entrustment. *Id.* at 1125. Given the fact that liability for multiple, successive entrustments is not a recognized cause of action in the Virgin Islands, and that Plaintiff can present no evidence to demonstrate that APTIM made any entrustment of the vehicle to the McCanns whatsoever, the Court must grant summary judgment on Plaintiff's negligent entrustment claim.

> D. **_Plaintiff's count of "Property Damage" is not a cause of action and there is no evidence to indicate APTIM is liable for the pleaded conduct_.**

As stated, Plaintiff's claim for "Property Damage" appears to plead liability against APTIM on theories of negligent entrustment, vicarious liability, and negligence per se. *See* ECF No. 32, at 11-12. Plaintiff alleges in his complaint that the McCanns were operating the vehicle within the scope of their employment, that APTIM had a duty to ensure the vehicle was registered and insured, and to ensure that the vehicle was used in a safe and reasonable manner. *Id.* Despite searching, APTIM is not aware of a cause of action for "property damage," it appears that property damage is simply a category of damages claimed in response to an actual cause of action. Therefore, construing the pleadings in the light as favorably as possible, it appears that Plaintiff here is claiming that APTIM should be held liable under vicarious liability, negligent entrustment, and negligence per se theories for the property damage caused to Plaintiff's vehicle. Accordingly,

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 14 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 14 of 18

APTIM respectfully requests that this Court enter summary judgment on the "Property Damage" count for the same reasons set forth in the sections of this brief addressing vicarious liability, negligent entrustment, and negligence per se. In summary, at no time was there any agency relationship between APTIM and the McCanns, there was no entrustment of the vehicle by APTIM to the McCanns, and APTIM had no duty to ensure that Odebrecht Construction's vehicle was registered or insured.

### E. **APTIM is entitled to summary judgment on Plaintiff's negligence per se count.**

In order to prove negligence *per se*, "the plaintiff must demonstrate that the defendant had a duty to follow the law, failed to follow the law, and that such failure caused damages to the plaintiff as a person within the class intended to be protected by the statute or regulation." *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 423 (2016). This Court observed in its May 28, 2021 Memorandum Opinion, "Courts in the Virgin Islands have recognized that an individual damaged by the operation of a vehicle not in compliance with V.I. Code Ann. tit. 20, § 712 may possibly state a cause of action[.]" *Grant*, 2021 WL 2188570, at *8. The court further stated:

> The language of § 712 clearly shows a legislative intent to penalize both owners and registrants who allow motor vehicles to operate on the public roads and highways of the territory without motor vehicle liability insurance. Therefore, when uninsured vehicles cause damage to a third party while being operated illegally on the public roads and highways of the territory, both registrants and owners are liable to that third party for the resulting damages.

*Id.* (quoting *Krind v. Barlow*, 44 V.I. 293, 299 (V.I. Terr. Ct. 2002) (citing *Gerson v. Walker*, No. SX-18-CV-178, 2019 WL 8883542, at *2-3 (V.I. Super. Ct. May 21, 2019) (permitting amendment of a complaint that presented claim for negligence per se based on an alleged violation of V.I. Code Ann. tit. 20, § 712, but stating that the legal questions of whether the statute "protects a particular class of persons or connotes a private right of action" is properly addressed on a motion for summary judgment)).

In its May 28, 2021 Memorandum Opinion, this Court observed that there was no allegation that Witt O'Brien was an owner or registrant of the vehicle used in this action and dismissed Witt O'Brien from the case. *See generally id.* The same is now true at summary judgment with regard to APTIM. Here, the only evidence is that the vehicle was owned by Odebrecht Construction LLC. Exhibit 5, at 7. There is no evidence on this record, nor any that

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 15 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
*Civil No. 2019-025*
*Page 15 of 18*

Plaintiff can produce, that indicates that APTIM owned, possessed, or had a duty to register the vehicle. Therefore, for the same reason the Court dismissed Witt O'Brien in its May 28, 2021 Memorandum Opinion, APTIM is entitled to summary judgment on this count.

### F. APTIM is entitled to summary judgment on Plaintiff's negligent infliction of emotional distress count because APTIM had no agency relationship with the McCann defendants.

Adopting a prior *Banks* analysis, the Superior Court of the Virgin Islands has held:

> [T]o prevail on a claim of negligent infliction of emotional distress under a theory that the plaintiff was the direct victim of a defendant's negligent conduct, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care to ensure the plaintiff does not suffer serious or severe emotional injury, which duty either arose by contract or was imposed as an independent legal obligation; (2) that the defendant breached its contractual or legal obligation, i.e. its duty; and (3) that, as a direct and proximate result of defendant's breach, the plaintiff suffered a serious or severe emotional injury.

*Aaron v. Virgin Islands Gov't Hosp. & Health Facilities Corp.*, 74 V.I. 222, 242 (V.I. Super. 2021) (citations omitted). However, Plaintiff's cause of action as directed at APTIM does not allege a theory where Plaintiff was a direct victim of APTIM's negligent conduct. Rather, Plaintiff again attempts to impute this liability onto APTIM through the actions of the McCanns. Plaintiff asserts that his emotional distress was the result of the McCanns driving the vehicle "as part of their use and scope of employment with Defendant APTIM," as well as due to APTIM's "failure to comply with Virgin Islands law concerning the registration, insurance, and safe operation of vehicles on the roadway. . .." ECF No. 32, at 15.

This attempt to impute liability fails. Plaintiff's claim is predicated on the assertion that APTIM exercised control over the McCanns, or that an agency or employment relationship existed. There is ample evidence on this record demonstrating that no such relationship or control existed, and Plaintiff can produce no evidence to the contrary. *See for example*, Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8.

Further, each theory articulated that would impute liability onto APTIM has already been addressed herein. APTIM did not own or have control over the vehicle allegedly used and operated by the McCanns, as discussed *supra*, therefore APTIM had no knowledge, duty, or control, concerning its registration, insurance, or safe operation. Exhibit 5, at 7. APTIM has no vicarious liability for the actions of the McCanns because APTIM had no control over the McCanns – they

Case: 1:19-cv-00025-WAL-RM Document #: 161 Filed: 02/24/23 Page 16 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 16 of 18

were not servants, agents, or employees of APTIM. *See* Exhibit 3, at 18; Exhibit 4, APTIM00198; Exhibit 6, APTIM00194-APTIM00195; Exhibit 10, at 8. Regardless of whether the McCann defendants did or did not negligently cause Plaintiff's emotional distress, the fact remains that the evidence in this case indisputably shows that APTIM and the McCanns had no relationship to give rise to vicarious liability on APTIM's part, and Plaintiff can present no evidence to the contrary. For that reason, APTIM respectfully requests that the Court grant summary judgment for APTIM on Plaintiff's negligent infliction of emotional distress claim.

> G. **APTIM is entitled to summary judgment on Plaintiff's gross negligence claim because Plaintiff can present no evidence to demonstrate that APTIM had any responsibility for the McCann's actions.**

Insofar as Count Nine asserts gross negligence against APTIM, it appears that Plaintiff's claim is predicated on a theory of gross negligent entrustment. *See* ECF No. 32, at ¶ 89 ("Defendants OCI, Aptim, and WOB had a duty to ensure that responsible individuals would operate its vehicles and that they would do so in a safe and reasonable manner.").

However, grossly negligent entrustment is not a cause of action that has been recognized in the Virgin Islands. In fact, this cause of action has only been recognized in three states nationwide: Texas,[3] Massachusetts,[4] and Tennessee.[5] Further, the circumstances required to support this cause of action in those states rise to a particularly egregious level, such as entrusting an eighteen-wheeler to a driver known to be unlicensed and currently on suspension for D.W.I.,[6] entrusting a vehicle to an unlicensed 15-year-old who was known to be intoxicated and had been repeatedly caught driving while intoxicated by the bailor in the recent past,[7] and a Deputy Sheriff who permitted a county jail inmate to borrow his official patrol vehicle, despite knowing the individual was currently incarcerated for burglary and assaulting a young women, when the inmate went on to tragically murder a young woman while using the patrol car as transportation.[8]

---

[3] *See, e.g., Ryan Services, Inc. v. Dobbins*, 2001 WL 1002189 (Tex. App. Ct. June 7, 2001).
[4] *Davis v. Walent*, 16 Mass. App. Ct. 83 (1983) (this appears to be the only Massachusetts case recognizing this cause of action).
[5] *Nishiyama v. Dickson Cnty., Tenn.*, 814 F.2d 277 (6th Cir. 1987) (this appears to be the only case out of Tennessee recognizing this cause of action).
[6] *See generally Ryan Services, Inc.*, 2001 WL 1002189.
[7] *See generally Davis*, 16 Mass. App. Ct. 83.
[8] *See generally Nishiyama*, 814 F.2d 277.

Case: 1:19-cv-00025-WAL-RM   Document #: 161   Filed: 02/24/23   Page 17 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
Civil No. 2019-025
Page 17 of 18

Each of these particularly heinous cases involved a direct entrustment from the bailor to the offending party where the bailor knew of each bailee's past conduct rather than unrecognized multiple, successive entrustments as analyzed above. The allegations contained in Plaintiff's Complaint do not rise to the level of egregiousness to support a cause of action of this magnitude in any way. Even taking for granted the fact that this is not a recognized cause of action in the Virgin Islands, and therefore not a claim upon which relief can be granted, or the fact that even if gross negligent entrustment were recognized in the Virgin Islands, multiple, successive entrustments still are not, Plaintiff has no facts or evidence that APTIM entrusted Navigation with a vehicle, APTIM knew or should of known that Navigation would entrust the vehicle to an individual who was utterly incompetent to operate a motor vehicle as in the above cases.

The frivolity of this count is compounded by the fact that Plaintiff can produce no evidence whatsoever to establish that APTIM entrusted the vehicle to Navigation or the McCanns in the first place, or that APTIM even owned the vehicle. Accordingly, APTIM is entitled to summary judgment on this count as Plaintiff cannot produce any supporting evidence, or even state a cognizable set of circumstances that could conceivably support this cause of action.

Moreover, Plaintiff misunderstands how the assignment of fault functions in such cases. Plaintiff would need to show actual evidence that APTIM was *grossly* negligent in doing so to be liable for gross negligent entrustment. Whether or not the McCanns were grossly negligent[9] is of no import to APTIM's alleged negligence in entrusting the vehicle to the McCanns' employer. Piecing together what the elements of this cause of action would be if it were recognized in the Virgin Islands, Plaintiff would need to show not only "(1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver" pursuant to the *Canegata* factors, but that the driver's incompetence soars to a level approximating a Deputy Sheriff lending his patrol car to an

---

[9] APTIM is not addressing the allegations against the individual McCann defendants, it is important to note that Virgin Islands courts have previously defined gross negligence as "wanton or reckless behavior demonstrating a conscious indifference to the health or safety of persons or property." *Nicholas v. Damian-Rojas*, 2018 WL 3127426, *2 (V.I. Super. June 23, 2018) (quoting *Yusuf v. Ocean Props.*, 2016 V.I. LEXIS 19, *11 (V.I. Super. 2016)). The Court therein endorsed the Second Circuit's view that "[i]t is not enough that the actor shall have been momentarily inattentive; he must deliberately embark upon an activity whose risk to others far outweighs any tangible interest that can be realized." *Id.* at *5 (quoting *Powers v. Wilson*, 110 F.2d 960, 960 (2d Cir. 1940)). Thus, even assuming, *arguendo*, that the individual defendants were agents of APTIM, the individual defendants' decision to "deliberately embark upon an activity whose risk to others far outweighs any tangible interest that can be realized" inherently defeats Plaintiff's claim of vicarious liability. *Id.*

Case: 1:19-cv-00025-WAL-RM Document #: 161 Filed: 02/24/23 Page 18 of 18

*Memorandum in Support of APTIM's Motion for Summary Judgment*
*Grant v. APTIM et al.*
*Civil No. 2019-025*
*Page 18 of 18*

inmate or a routinely intoxicated minor, and further, that these characteristics were known or should have been known by Navigation, and that APTIM in turn knew these facts as well as knew that Navigation would entrust the vehicle to the McCanns.

Plaintiff's count for gross negligent entrustment fails as a matter of law as it is not a recognized cause of action in the Virgin Islands, nor could Plaintiff conceivably color a good-faith argument why it should be adopted and applied to APTIM in this case. Accordingly, APTIM respectfully requests that the Court grant summary judgment on Plaintiff's gross negligence count insofar as it applies to APTIM.

## IV. CONCLUSION

The facts of this case are straightforward. Since the outset of this matter, APTIM has repeatedly attempted to inform Plaintiff that there was no employment or agency relationship between APTIM and the McCann defendants, nor did APTIM have any ownership or control over the vehicle involved in the accident. The evidence in this case is clear and Plaintiff cannot present evidence to the contrary because none exists. Because there is no genuine dispute that the McCanns were, at any point, agents, servants, or employees of APTIM, nor is there any such dispute that APTIM neither had ownership nor control over the vehicle involved in the accident, APTIM respectfully requests that the Court grant summary judgment in its favor and dismiss all claims against it with prejudice.

Respectfully submitted,

**DUDLEY NEWMAN FEUERZEIG LLP**

**DATED:** February 24, 2023     By:     /s/ Alex M. Moskowitz
**ALEX M. MOSKOWITZ** (V.I. Bar No. 1072)
**CRAIG M. O'SHEA** (V.I. Bar No. R2072)
Law House
1000 Frederiksberg Gade
St. Thomas, VI 00802
Telephone:     (340) 774-4422
E-Mail:     amoskowitz@DNFvi.com
E-Mail:     coshea@DNFvi.com

*ATTORNEYS FOR DEFENDANT APTIM*