**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

KEVONGH J. GRANT                                )
                                                )
                    Plaintiff,                  )          **Case. No. 1:19-CV-0025**
                                                )
v.                                              )
                                                )
APTIM ENVIRONMENTAL AND                         )
INFRASTRUCTURE, INC., WITT O'BRIEN'S, LLC,      )
ODEBRECHT CONSTRUCTION, INC., NATHAN            )
McCANN, ANDRES McCANN, JOHN DOES, JANE          )
DOES AND UNKNOWN CORPORATIONS                   )
                                                )
_____Defendants._____      )

# EXHIBIT 3

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| KEVONGH J. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | **Civ. No. 1:19-CV-00025** |
| | ) | |
| v. | ) | |
| | ) | |
| APTIM ENVIRONMENTAL AND | ) | |
| INFRASTRUCTURE, INC., WITT | ) | |
| O'BRIEN'S, LLC, ODEBRECHT | ) | |
| CONSTRUCTION, INC., NATHAN | ) | |
| McCANN, JOHN DOES, JANE DOES, | ) | |
| and UNKNOWN CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

### APTIM'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, Aptim Environmental & Infrastructure, LLC (fka Aptim Environmental & Infrastructure, Inc.) ("Aptim"), by and through its attorneys Dudley Newman Feuerzeig LLP, hereby responds pursuant to Fed. R. CIV. P. 26 and 33 to plaintiff Kevongh J. Grant's ("Grant") Interrogatories and states as follows:

### GENERAL OBJECTIONS

Aptim makes the following general objections to Grant's Interrogatories. These general objections are incorporated into all of the responses to the Interrogatories and are not repeated after each request.

1.  Aptim objects to the Interrogatories to the extent it may impose obligations different from or in addition to those required under the Fed. Rules of Civil Procedure.

2.  Aptim's discovery, investigation, research, and preparation for trial of this matter have not been completed and are ongoing. Accordingly, Aptim 's responses to the Interrogatories are made without prejudice to its right to make any use of, or proffer at any hearing or at trial, subsequently discovered or acquired documents, knowledge or information, including, without limitation, documents, knowledge or information obtained in discovery in this action. If and as additional, non-privileged, responsive information or documents

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 2*

are discovered, these responses will be supplemented to the extent that supplementation may be required by the Fed. Rules of Civil Procedure.

3.  Aptim objects to the Interrogatories to the extent it may seek information or documents protected from discovery by the attorney-client privilege, and the work product doctrine, including information prepared in anticipation of litigation, or for trial, by or on behalf of Aptim or its representatives or relating to mental impressions, conclusions, opinions, or legal theories of his attorneys or representatives, or any other applicable privilege or doctrine under federal, state, or territorial statutory, constitutional or common law. These responses shall not include any information protected by such privileges or doctrine, and documents or information inadvertently produced which includes such privileged information shall not be deemed a waiver by Aptim of such privilege or doctrine.

4.  Aptim objects to the Interrogatories to the extent it seeks information or documents not in the possession, custody or control of Aptim on the ground that it would subject Aptim to undue burden, oppression and expense, and impose obligations not required by the Fed. Rules of Civil Procedure.

5.  Aptim objects to the Interrogatories as improper on the grounds and to the extent that it seeks information and documents concerning any matter that is irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to said general objections Aptim states as follows:

## **PLAINTIFF'S PRELIMINARY STATEMENT**

The following terms have the following meanings, unless the context requires otherwise:

   a.   As used herein, the terms "you", "your", or "your-self" refer to the party to whom these Interrogatories are addressed, each of said party's agents, representatives, and attorneys, or other persons acting or purporting to act on said party's behalf.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 3*

b.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question or means the person in question is or has been an agent, employee, servant, officer, director, attorney or other person acting or purporting to act on behalf of another person.

c.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units therein, and shall include, but not limited to a public or private corporation, insurance company, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

d.      As used herein, the term "document" is to be construed liberally as defined in Rule 34 and is to include any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy regardless of origin and location, of any survey, advertisement, catalogue, book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a communication, meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten sketch, graph, index, list, tape, photograph, microfilm, data sheet or date processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer in your possession, custody or control.

e.      As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and whomsoever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements and other understandings between or among two or more persons.

f.      As used herein, the term "identification", "identify", or "identity", requests the following information when used in reference to:

1.      a natural individual:
        state individual's full name;
        residential and business address; and
        telephone numbers; and
        occupation.

2.      a corporation:
        state its full corporate name and any name under which it does business;
        its place of incorporation;
        the address of its principal place of business;
        the address of all of its offices; and
        the names and addresses of all of its officers and directors.

3.      a business or other entity:
        state full name or style under which the business is conducted;
        its business address(es);
        the types of business in which it is engaged; and

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 4*

the identity of person(s) who own, operate and control the business or entity.

4.  a document:
    state the nature of the document, (e.g., letter, or memorandum);
    state its title and number of pages;
    states its date;
    state the name(s) of its author(s);
    state the name of its recipient(s); and
    state its present location and custodian.

5.  a communication:
    if written, in whole or in part, identify the document(s) which refer to  or evidence the
    communication;
    if non written, identify the persons participating in the communication; and
    state the date and substance of the communication.

6.  an act, transaction, action, or instance:
    state the date and time when it occurred;
    state the nature, subject matter, and circumstances surrounding it; and
    identify all documents and communications resulting from, referring to, or otherwise
    connected with it.

7.  a text, book, journal, or learned treatise:
    state the name or title and author(s); and
    state the publisher, date of publication and edition.

8.  a lawsuit:
    state the full caption or style of the lawsuit including the court it was filed in, all parties
    thereto, the civil or criminal number and the date it was filed;
    state the nature of the lawsuit and include a descriptive summary of each cause of action
    therein; and
    state the nature of the ultimate resolution of the lawsuit including a detailed description of
    how the lawsuit's resolution impacted you or your insurance carrier.

9.  an injury:
    state the nature and extent of the injury (including the part of your body injured);
    state the date of the injury;
    state the manner in which it was received;
    state the identity of each doctor who examined or treated you;
    state a description of the examination or treatment you received for it (including the dates
    of such examination or treatment); and
    state whether the injury resulted in any current or permanent disability.

10. an illness:
    state the name of (or a description of) the illness;
    state the parts or portions or your body affected by the illness;
    state the date you first contracted or otherwise became aware of it;

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 5*

state whether you are still suffering from it (and if not, the date it terminated);

state the place you contracted it;

state the identity of each doctor who examined or treated it;

state a description of the examination or treatment you received for it (including the dates of such examination or treatments); and

state the degree of your recovery from the illness, including a description of any after-effects or current or permanent injuries or disabilities you have as a result of it.

11. <u>damages:</u>

state the itemized dollar amount;

state the identity of each creditor or payee; and

state the nature of the goods obtained or services rendered by each expenditure.

12. <u>insurance:</u>

state the identity of the insurer and the insured;

state the policy and claim number;

state the amounts paid by the policy (itemized), the payee, and the date of any claims or reports; and

state the basis for each claim and the disposition of each claim.

13. <u>drugs or medication:</u>

the generic name;

the brand name;

the dosage prescribed (both amount and times per day to be taken);

the intended affect; and

the actual affect it had on you.

g.    As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and". For example, an interrogatory stating "support or refer" should be read as "support and refer" it an answer that does both can be made.

h.    When an interrogatory requires you to "state the basis of" a particular claim, contention or allegation, state in your answer all facts upon which it is based and each and every legal theory that you think supports, refers to, or evidences such claim, contention or allegation.

i.    When an interrogatory requires you to state an "educational background", state the highest grade completed, schools attended, dates of attendance at each school, degrees attained, and identify any special educational work completed including, but not limited to, night classes, seminars or employer-sponsored education.

j.    As used herein, the words "plaintiff's injuries" refer to the injuries complained of in the Complaint in this action.

k.    As used herein, the words "employment history" refer to any and all work performed for the last ten years including, but not limited to, salaried or hourly positions, part-time work, and any type of sole proprietorship or other work wherein one is working for oneself or otherwise on one's own. For each instance of employment state:

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 6*

1.    by whom you were employed,

2.    the duties involved in the employment and the nature of the employment in general,

3.    the compensation received for such employment and whether said compensation was hourly or salaried,

4.    the date each such employment began and was terminated or otherwise came to an end, and

5.    your reason why each such employment was terminated or otherwise came to an end.

l.    used herein, the words "mental or physical defect or impairment" mean, in addition to the ordinary meaning of the words, any lessening of physical or mental function or activity resulting from the use or abuse of any drugs or alcohol, or any use of drugs or alcohol in any amount in the 24-hour period preceding the alleged accident or occurrence.

m.    When an interrogatory requires you to "state the medical grounds" for a particular act, diagnosis or course of treatment, state in your answer each and every fact and each and every medical theory that you think proves, supports or otherwise indicates that the act, diagnosis or course of treatment in question was a medically valid one, and identify at least one leading medical text, article or other written medical source which supports that contention.

n.    As used herein, the words "medical qualifications" refers to any and all education and experience which is relevant to the practice of medicine including, but not limited to, the identity and dates of medical schools attended, institutions where internships were served, places licensed to practice medicine, training in any medical specialties, membership in medical societies, hospitals associated with, teaching positions, articles authored, and any awards or honors bestowed during the person's medical career.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 7*

## INTERROGATORY NO. 1:

Please set forth your legal name or names in which your Articles of Incorporation are issued including the following:

## ANSWER:

1. Date and Place of incorporation.

   Date of incorporation: 04/23/2002
   Place of incorporation: Louisiana, U.S.

2. Each person designated as an Incorporator in your Articles of Incorporation.

   Aptim Environmental & Infrastructure, Inc. was converted to Aptim Environmental & Infrastructure, LLC on 12/31/2018. At that time, Joshua A. DeCuir, executed the Articles of Entity Conversion and Articles of Organization. Originally, Elizabeth Sherman Cox, executed the Articles of Incorporation as Incorporator in 2002.

3. Each Person who served as an Officer of Director at the time of the incident and each Officer or Director currently serving.

   Directors and Officers on 11/01/2018:

| Name | Title |
|---|---|
| Bass, Wade | Director |
| Lowe, Bradley | Director |
| Bass, Wade | Secretary |
| DeCuir, Joshua A. | Assistant Secretary |
| Gibson, Jimmy | Executive Vice President & Chief Operations Officer |
| Hackenberg, Tyson | Vice President |
| Lowe, Bradley | Chief Financial Officer |
| Lowe, Bradley | Executive Vice President |
| Martin, Stephen R. | Vice President |
| Miller, Christopher | President |
| Seyedian, Sina P.E.. PMP | Vice President |
| Weiss, Jon-Paul | Treasurer |

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 8*

Current Officers:

| Name | Title |
|---|---|
| Bass,  Wade | Secretary |
| Deane, Jr. William | Vice President |
| Griffin, Kay | Treasurer |
| Kindler,  Todd | Assistant Secretary |
| Lowe,  Bradley | Chief Financial Officer |
| Lowe,  Bradley | Executive Vice President |
| Phillips,  Margaret | Assistant Secretary |
| Royston,  Heather | President |
| Stockberger,  Todd | Vice President |

4. The address of the corporation at the time of the incident and the current address, if different.

   4171 Essen Lane, Baton Rouge, LA 70809

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 9*

## INTERROGATORY NO. 2:

Please set forth in detail the facts under which you sought to do business in the U.S. Virgin Islands as well as all facts giving rise to your ability to do business in the U.S. Virgin Islands.

## ANSWER:

Aptim objects to this interrogatory as vague, irrelevant and overbroad. Without waiving said objections Aptim states that it has a contractual relationship with the Government of the Virgin Islands related to the post 2017 hurricane Emergency Home Repair program. The Virgin Islands Housing Finance Authority (VIHFA) contracted with APTIM, among others, to administer the Emergency Home Repairs Virgin Islands Program (EHRVI) on behalf of VIHFA. Aptim secured the necessary governmental approvals as evidenced by Bates Nos. APTIM00182-00188 produced with Aptim's responses to plaintiff's requests for production of documents.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 10*

## INTERROGATORY NO. 3:

Please set forth in detail all facts regarding your relationship with the Government of the Virgin Islands of the United States and, including but not limited to, any of its departments, instrumentalities, and autonomous or semi-autonomous agencies. Further detail the purposes and scopes of each business relationship.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Without waiving said objections Aptim states that it has a contractual relationship with the Government of the Virgin Islands related to the post 2017 hurricane Emergency Home Repair program. The Virgin Islands Housing Finance Authority (VIHFA) contracted with APTIM, among others, to administer the Emergency Home Repairs Virgin Islands Program (EHRVI) on behalf of VIHFA.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 11*

## INTERROGATORY NO. 4:

Please set forth in detail all facts regarding hiring and retention practices.

## ANSWER:

Aptim objects to this interrogatory as vague, irrelevant and overbroad as Aptim operates in many jurisdictions within and without the continental United States and complies with all laws and regulations related to hiring and retention of employees per each jurisdiction's requirements. Subject to said objections and without waiving same Aptim states that it did not hire, employ, or retain Andrew McCann or Nathan McCann.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 12*

## INTERROGATORY NO. 5:

Please set forth in detail all facts regarding your relationship with Nathan McCann and Andrew McCann, including, but not limited to, their duties, responsibilities, and scope of employment for work performed on your behalf.

## Answer:

Aptim has no agency or employment relationship with either Andrew McCann or Nathan McCann. Both Andrew McCann and Nathan McCann completed the safety courses offered by Aptim on or about October 3, 2018 and, upon information and belief, were employed by Patriot Response Group, LLC and Navigation Construction, LLC.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 13*

## INTERROGATORY NO. 6:

Please set forth in detail whether you, or anyone on your behalf, have conducted in any investigation into the incident involving the Plaintiff. Include in your response the following:

1. The name and contact information for each person participating in the investigation.

2. The nature, scope, and location where such investigation took place.

3. The name and contact information for each person contacted regarding any aspect of the investigation.

4. Whether the investigation, including the conclusions, were reduced to writing.

5. The name of the Custodian of the written investigation(s) and conclusion(s).

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Further Aptim objects to this interrogatory as it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Subject to said objections and without waiving same Aptim states that Darion Grainger, Aptim Safety Specialist, was contacted by the officer investigating the incident at issue and provided the officer documents showing that Andrew McCann and Nathan McCann were employed by Patriot Response Group, LLC and Navigation Construction, LLC.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 14*

**INTERROGATORY NO. 7:**

Please identify any person who has knowledge of any fact relating to the incident which is the subject of the Plaintiff's complaint.  Include in your response the following:

1. The nature of any knowledge possessed by each person.
2. Any writings of each person who has knowledge any fact relating to the incident which is the subject of the Plaintiff's complaint.

**ANSWER:**

Aptim has no independent knowledge or information regarding the incident at issue except as stated in response to interrogatory No. 6 above.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 15*

## INTERROGATORY NO. 8:

Please set forth in detail all facts regarding your relationship with Witt O'Brien's, LLC., including but not limited to, any contracts, agreements, or memoranda of understanding, oral or in writing, as well as any joint projects.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim has no contractual relationship with Witt O'Brien's, LLC.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 16*

## INTERROGATORY NO. 9:

With reference to each affirmative defense, you alleged in your answer to Plaintiff's complaint, please set forth all facts which support each affirmative defense.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim states that it did not have an employment or agency relationship with Andrew McCann or Nathan McCann, did not control Andrew McCann or Nathan McCann, and did not provide Andrew McCann or Nathan McCann with possession or use of any vehicles.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 17*

## INTERROGATORY NO. 10:

With reference to each affirmative defense, you alleged in your answer to Plaintiff's complaint, please identify each person who has knowledge relating to any facts supporting each affirmative defense.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim states that it did not have an employment or agency relationship with Andrew McCann or Nathan McCann, did not control Andrew McCann or Nathan McCann, and did not provide Andrew McCann or Nathan McCann with possession or use of any vehicles. The Aptim employees that would have knowledge of these facts are Darian Grainger Aptim Safety Specialist and Don Janz.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 18*

## INTERROGATORY NO. 11:

With reference to each affirmative defense, you alleged in your answer to Plaintiff's complaint, please identify each document relating to that defense.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim states that it did not have an employment or agency relationship with Andrew McCann or Nathan McCann, did not control Andrew McCann or Nathan McCann, and did not provide Andrew McCann or Nathan McCann with possession or use of any vehicles. The documents supporting Aptim's defenses are the badges for Andrew and Nathan McCann, the badging summary spreadsheet showing that Andrew and Nathan McCann were terminated by Patriot Response Group, LLC on October 16, 2018 and rehired by Navigation Construction, LLC on or about October 30, 2018. Aptim's job safety analysis show that neither Andrew McCann or Nathan McCann were on any EHRVI job site after being rehired by Navigation. The foregoing is based upon review of the Aptim badging procedures and logs.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 19*

## INTERROGATORY NO. 12:

With reference to each denial set forth in your answer to Plaintiff's complaint, please set forth each fact upon which you base that denial.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim states that it did not have an employment or agency relationship with Andrew McCann or Nathan McCann, did not control Andrew McCann or Nathan McCann, and did not provide Andrew McCann or Nathan McCann with possession or use of any vehicles.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 20*

## INTERROGATORY NO. 13:

With reference to each denial set forth in your answer to Plaintiff's complaint, please identify each person who has knowledge on any fact relating to each denial and any writing related to such person with knowledge of each denial.

## ANSWER:

Aptim objects to this interrogatory as vague and overbroad. Subject to said objections and without waiving same Aptim states see answer to interrogatory No. 6 above.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 21*

## CERTIFICATION

   **I HEREBY AFFIRM AND CERTIFY** that the answers to the above interrogatories are true and correct to the best of my knowledge and belief.

Aptim Environmental & Infrastructure, LLC

Dated: April 8, 2022

_____
Signature

Wade M. Bass
_____
Print Name

Secretary
_____
Title

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Interrogatories*
*Page 22*

**Respectfully submitted,**

**DUDLEY NEWMAN FEUERZEIG LLP**

Dated: April 8, 2022          By:     /s/ Alex M. Moskowitz
                                      Alex M. Moskowitz (V.I. Bar No. 1072)
                                      Law House
                                      1000 Frederiksberg Gade
                                      P.O. Box 756
                                      St. Thomas, VI  00804-0756
                                      Telephone:  (340) 715-7753
                                      E-mail: amoskowitz@dnfvi.com

                                      *Attorneys for APTIM*

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this the 8th day of April, 2022, I served the foregoing "Aptim's Responses to Plaintiff's Interrogatories" upon the following:

Emile A. Henderson III, Esq.
emile@rossedwardspc.com
613/39A Prince Street, Office #2
Frederiksted, VI 00820

Adam G. Christian, Esq.
adam.christian@ogletreedeakins.com
1336 Beltjen Rd., Suite 201
St. Thomas, USVI 00802-4701

Andrew C. Simpson, Esq.
asimpson@coralbrief.com
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820

                                      /s/ Alex M. Moskowitz

*R:\DOCS\6678\6\PLDG\32R0821.DOCX*