**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| KEVONGH J. GRANT  ) | |
| ) | |
| Plaintiff,  ) | **Case. No. 1:19-CV-0025** |
| v.  ) | |
| ) | |
| APTIM ENVIRONMENTAL AND  ) | |
| INFRASTRUCTURE, INC., WITT O'BRIEN'S, LLC,  ) | |
| ODEBRECHT CONSTRUCTION, INC., NATHAN  ) | |
| McCANN, ANDRES McCANN, JOHN DOES, JANE  ) | |
| DOES AND UNKNOWN CORPORATIONS  ) | |
| ) | |
| Defendants.  ) | |

# EXHIBIT 7

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| KEVONGH J. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | **Civ. No. 1:19-CV-00025** |
| | ) | |
| v. | ) | |
| | ) | |
| APTIM ENVIRONMENTAL AND | ) | |
| INFRASTRUCTURE, INC., WITT | ) | |
| O'BRIEN'S, LLC, ODEBRECHT | ) | |
| CONSTRUCTION, INC., NATHAN | ) | |
| McCANN, JOHN DOES, JANE DOES, | ) | |
| and UNKNOWN CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**APTIM'S ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Defendant, Aptim Environmental & Infrastructure, LLC (fka Aptim Environmental & Infrastructure, Inc.) ("Aptim"), by and through its attorneys Dudley Newman Feuerzeig LLP, hereby responds pursuant to Fed. R. CIV. P. 36 to plaintiff Kevongh J. Grant's ("Grant") Requests for Admissions and states as follows:

**GENERAL OBJECTIONS**

Aptim makes the following general objections to Grant's Request for Admissions. These general objections are incorporated into all of the responses to the requests for admissions and are not repeated after each request.

1. Aptim objects to the Request for Admissions to the extent it may impose obligations different from or in addition to those required under the Fed. Rules of Civil Procedure.

2. Aptim's discovery, investigation, research, and preparation for trial of this matter have not been completed and are ongoing. Accordingly, Aptim 's responses to the Request for Admissions are made without prejudice to its right to make any use of, or proffer at any hearing or at trial, subsequently discovered or acquired documents, knowledge or information, including, without limitation, documents, knowledge or information obtained in discovery in this action. If and as additional, non-privileged, responsive information or

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 2*

documents are discovered, these responses will be supplemented to the extent that supplementation may be required by the Fed. Rules of Civil Procedure.

3.  Aptim objects to the Request for Admissions to the extent it may seek information or documents protected from discovery by the attorney-client privilege, and the work product doctrine, including information prepared in anticipation of litigation, or for trial, by or on behalf of Aptim or its representatives or relating to mental impressions, conclusions, opinions, or legal theories of his attorneys or representatives, or any other applicable privilege or doctrine under federal, state, or territorial statutory, constitutional or common law. These responses shall not include any information protected by such privileges or doctrine, and documents or information inadvertently produced which includes such privileged information shall not be deemed a waiver by Aptim of such privilege or doctrine.

4.  Aptim objects to the Request for Admissions to the extent it seeks information or documents not in the possession, custody or control of Aptim on the ground that it would subject Aptim to undue burden, oppression and expense, and impose obligations not required by the Fed. Rules of Civil Procedure.

5.  Aptim objects to the Request for Admissions as improper on the grounds and to the extent that it seeks information and documents concerning any matter that is irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to said general objections Aptim states as follows:

## PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS

1.    As used herein, "Defendant," "you," or "your" shall mean and include **APTIM ENVIRONMENT & INFRASTRUCTURE, INC.,** and includes its attorneys, employees, agents, representatives and any other person acting for, or on behalf of Defendant, or under

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 3*

Defendant's authority or control, and if a different response is necessary for one or more of them than for any other, then separate responses should be given for each.

2.      You are instructed to provide a sworn written answer or objection to each Request for Admission below. If your response is anything other than an unqualified admission, your response must specify so much of the request as is true.

3.      Pursuant to Fed. R. CIV. P. 36(a)(3), any matters not responded to within thirty (30) days of this request will be deemed admitted.

4.      This is a continuing request for admissions. If after making your initial response you obtain or become aware of any further information responsive to any of the Requests for Admission below, you are required to provide supplemental responses.

5.      If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify its answer or deny only a part of the matter on which an admission is requested, Defendant shall specify so much of it as true and qualify or deny the remainder.

6.      Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant is insufficient to enable it to admit or deny.

7.      "And" and "or" shall be interpreted and construed as "and/or," and shall not be interpreted to exclude any information otherwise within the scope of any request.

8.      Present tense shall be construed as also including past tense and past tense shall be construed as also including present tense.

9.      "Complaint" or "Pleadings" or "Petition" means the original and amended versions

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 4*

of any complaint filed by the Plaintiff in the District Court of the Virgin Islands case bearing the

Case Number 1:19-CV-00025 and the original and amended versions of any answers or

counterclaims thereto.

## ADMISSIONS

1. **ADMIT** that you provided an employee badge bearing your name to Nathan McCann.

   **RESPONSE:**

   Deny. Aptim provided identification badging for all subcontractors participating in the EHRVI program per the contract with VIHFA. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim.

2. **ADMIT** that you provided an employee badge bearing your name to Andrew McCann.

   **RESPONSE:**

   Deny. Aptim provided identification badging for all subcontractors participating in the EHRVI program per the contract with VIHFA. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim.

3. **ADMIT** that both Nathan McCann and Andrew McCann used the vehicle involved in the accident which caused Plaintiff's injuries to carry out their duties and responsibilities on your behalf.

   **RESPONSE:**

   Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim, they did not undertake any duties or responsibilities on behalf of Aptim, and Aptim did not provide them with any vehicle.

4. **ADMIT** that you had knowledge of and, approved Nathan McCann's and Andrew McCann's use of the vehicle involved in the accident which caused Plaintiff's injuries to carry out their duties and responsibilities on your behalf.

   **RESPONSE:**

   Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim, they did not undertake any duties or responsibilities on behalf of Aptim, and Aptim did not provide them with any vehicle. Aptim had no actual or constructive knowledge of the use of any vehicle by Andrew or Nathan McCann.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 5*

5.  **ADMIT** that you did not ensure that the vehicle used by Nathan McCann and Andrew McCann to carry out their duties and responsibilities on your behalf was registered and insured pursuant to Virgin Islands law.

    **RESPONSE:**

    Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim. Aptim had no actual or constructive knowledge or control of any vehicle used by Andrew McCann or Nathan McCann and had no duty or obligation to register or insure any such vehicle they may or may not have operated.

6.  **ADMIT** that Nathan McCann and Andrew McCann operated the vehicle involved in the accident which caused Plaintiff's injuries to carry out their duties and responsibilities on your behalf in violation of Virgin Islands law.

    **RESPONSE:**

    Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim. Aptim had no actual or constructive knowledge or control of any vehicle used by Andrew McCann or Nathan McCann.

7.  **ADMIT** that Nathan McCann and Andrew McCann left the scene of the accident which caused Plaintiff's injuries.

    **RESPONSE:**

    Aptim has no independent knowledge or information related to the accident at issue in this case and as such Denies this request for admission.

8.  **ADMIT** that you failed to conduct a background check on Nathan McCann prior to employing Nathan McCann.

    **RESPONSE:**

    Deny. Nathan McCann was never employed by Aptim.

9.  **ADMIT** that you failed to conduct a background check on Andrew McCann prior to employing Andrew McCann.

    **RESPONSE:**

    Deny. Andrew McCann was never employed by Aptim.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 6*

10. **ADMIT** that you have a contract or agreement with Witt O'Brien's LLC to provide services in the U.S. Virgin Islands.

    **RESPONSE:**

    Deny.

11. **ADMIT** that through your contract or agreement with Witt O'Brien's LLC you hired and retained Nathan McCann and Andrew McCann.
    **RESPONSE:**

    Deny.

12. **ADMIT** that you maintained supervisory control over the work your employees and others doing work on your behalf, which included Nathan McCann and Andrew McCann.

    **RESPONSE:**

    Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim.

13. **ADMIT** that pursuant to the contract or agreement between yourself and Witt O'Brien's LLC, Nathan McCann and Andrew McCann provided services benefitting both you and Witt O'Brien's LLC.

    **RESPONSE:**

    Deny.

14. **ADMIT** that Witt O'Brien's LLC maintained supervisory control over your work pursuant to your contract or agreement between yourself and Witt O'Brien's LLC.

    **RESPONSE:**

    Deny.

15. **ADMIT** that you failed to check the work history and traffic record of Nathan McCann and Andrew McCann.

    **RESPONSE:**

    Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim.

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 7*

16. **ADMIT** that you failed to adequately supervise the work of Nathan McCann and Andrew McCann and their use of vehicles used in carrying out their duties and responsibilities.

    **RESPONSE:**

    Deny. Neither Nathan McCann nor Andrew McCann were ever employed by Aptim. Aptim had no actual or constructive knowledge or control of any vehicle used by Andrew or Nathan McCann.

17. **ADMIT** that operators of motor vehicles in the U.S. Virgin Islands have a duty to comply with Tile 20 V.I.C. §§ 331, 461, 492, 494, 495, 503, 541, 703, and 713, and also to ensure that vehicles operated on the roadways in the U.S. Virgin Islands are registered and insured.

    **RESPONSE:**

    Admit that the cited statutes are part of the V.I. Code but deny Aptim had any statutory duty to plaintiff for the incident at issue in this case.

## VERIFICATION OF RESPONSES

I declare under penalty of perjury that the foregoing statements made by me to the foregoing **REQUESTS FOR ADMISSION TO APTIM ENVIRONMENTAL & INFRASTRUCTURE, LLC,** are true, correct, and complete to the best of my knowledge, information, and belief.

Dated this __8th__ day of __April_____, 2022.

By:   Wade M. Bass
      _____
      Print Name

      _____
      Signature

      Secretary
      _____
      Title

*Grant v. O'Brien's et al.*
*Civ. No. 2019-CV-00025*
*Aptim's Responses to Plaintiff's Requests for Admissions*
*Page 8*

**Respectfully submitted,**

**DUDLEY NEWMAN FEUERZEIG LLP**

Dated: April 8, 2022          By:     /s/ Alex M. Moskowitz
                                       Alex M. Moskowitz (V.I. Bar No. 1072)
                                       Law House
                                       1000 Frederiksberg Gade
                                       P.O. Box 756
                                       St. Thomas, VI  00804-0756
                                       Telephone:  (340) 715-7753
                                       E-mail: amoskowitz@dnfvi.com

                                       *Attorneys for APTIM*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 8th day of April, 2022, I served the foregoing "Aptim's Responses to Plaintiff's Requests for Admissions" upon the following:

Emile A. Henderson III, Esq.
emile@rossedwardspc.com
613/39A Prince Street, Office #2
Frederiksted, VI 00820

Adam G. Christian, Esq.
adam.christian@ogletreedeakins.com
1336 Beltjen Rd., Suite 201
St. Thomas, USVI 00802-4701

Andrew C. Simpson, Esq.
asimpson@coralbrief.com
2191 Church Street, Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820

                                       /s/ Alex M. Moskowitz

*R:\DOCS\6678\6\PLDG\32R0855.DOCX*